## DAVID R. P. HIBBS v. FREDERICK W. MARPE.[1]

June 21, 1901.

Nos. 12,650—(136).

### Refusal to Submit Question to Jury.

In an action by a trustee in bankruptcy to set aside a deed upon the ground of fraud as to the creditors, *held*, the court did not abuse its discretion in refusing to submit questions of fact to the jury.

### Judgment of Solvency as Evidence.

A judgment to the effect that the debtor was not insolvent, rendered in bankruptcy proceedings commenced by creditors, is not competent evidence to prove the solvency of such debtor at a time four months preceding the date covered by that judgment.

### Schedules of Debts.

The schedules filed by an insolvent in bankruptcy proceedings are not competent proof of the amount of his indebtedness, but in this case there was sufficient evidence, irrespective of such schedules, to prove insolvency.

### Findings Sustained.

The evidence sustains the findings of the court upon the several propositions in issue.

Action in the district court for Freeborn county by plaintiff, as trustee in bankruptcy of Axel G. Brundin and Charles R. Brundin, co-partners as Brundin Bros., to set aside, as in fraud of creditors, a conveyance of land made by Charles R. Brundin to defendant. The case was tried before Kingsley, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*R. S. Farnsworth*, for appellant.

*Morgan & Meighen* and *H. H. Dunn*, for respondent.

LEWIS, J.[2]

This action is brought by the trustee in bankruptcy of Brundin Bros., a co-partnership, to set aside the conveyance of certain farm properties on the ground that the same were conveyed with-

[1] Reported in 86 N. W. 612.    [2] LOVELY, J., took no part.

out consideration, and with intent on the part of grantors to defraud their creditors.

In substance, the court finds that on January 3, 1899, Charles R. Brundin was the owner of the property, and in possession thereof by his tenant; that on this date, his wife joining with him, he executed and delivered to defendant a warranty deed to the premises, the consideration named therein being $3,200; that at this time the grantor and his brother were indebted, as co-partners and individually, in about the sum of $25,000; that both individually and as co-partners they were at this time insolvent. It is further found that such conveyance was made by the grantor with intent to delay and defraud his creditors, and for the purpose of preventing the property from being applied to the payment of his indebtedness. The court also found that, at the time of receiving the conveyance, defendant had knowledge of the intent to defraud, and was a party thereto. It appears from the findings that the property was worth $4,000, and that it was incumbered by a mortgage of $1,600; that the same was sold subject to such mortgage, and, with the exception of the mortgage, which was assumed by the grantee, the conveyance was wholly without consideration. It was found that defendant took possession of the premises the latter part of March, 1899, and prior to the commencement of this action collected $154 from the rents and profits of the farm. Judgment was ordered, cancelling and setting aside the deed, and directing that defendant account to the plaintiff for the sum of $154, and from an order denying his motion for a new trial defendant appeals. The assignments of error raised the following questions:

1. That the court abused its discretion in refusing to submit to the jury certain questions of fact in reference to the conveyance, the fraudulent intent and insolvency of the grantors, and the grantee's knowledge thereof. This is an equitable, and not a legal, action, brought to set aside a conveyance. Under the provisions of G. S. 1894, §§ 5355–5361, the issues in the case were to be tried by the court, subject, however, to the discretion of the court to order specific facts to be submitted to a jury. Section 4224, referred to by counsel for appellant, simply declares that

the question of fraudulent intent in such conveyances is to be deemed a question of fact, and not one of law; but this section was not intended to take away from the trial court the discretion imposed upon it by section 5361. In equitable actions such questions of fact are to be tried by the court, unless, in its discretion, certain issues are submitted to a jury. Merely because fraudulent intent is made a question of fact does not necessarily make the determination of such fact a matter for a jury. In this case we do not discover any reason for assuming that the court abused its discretion, although it must be admitted that it is the better practice, and we believe the more common one, where questions of fraud may be clearly and distinctly set forth, to submit them to a jury for determination.

2. From the record it appears that about May 1, 1899, certain creditors of the Brundins filed a petition in bankruptcy to have them adjudged bankrupts. On December 23, 1899, the federal court filed a decision in those proceedings dismissing the petition. Upon this trial defendant offered in evidence certified copies of the judgment roll in the United States district court in such bankruptcy proceedings, for the purpose of proving that it had been adjudicated by that court that the Brundins were not insolvent. This offer of evidence was rejected, and such order was assigned as error. The judgment roll was properly rejected, for the reason that such judgment was entered in an action pending between different parties than those of record here, and referred to a time at least four months subsequent to the time of the conveyance of the property here involved.

3. The record discloses the fact that in January, 1900, the Brundins filed a voluntary petition in bankruptcy, and, in connection therewith, certain schedules of their property. On the trial the plaintiff offered such petition and schedules in evidence, and they were received over defendant's objection. This ruling is assigned as error. Under the authority of Hathaway v. Brown, 18 Minn. 373 (414), and Hahn v. Penney, 60 Minn. 487, 62 N. W. 1129, the schedules were incompetent to prove insolvency; but an examination of the evidence shows that there was proof of insolvency of the Brundins independently of the schedules, and, although they

were referred to by the witness, the fact of the indebtedness and insolvency was shown to be within the knowledge of the witness, regardless of the information furnished by the schedules, so that, if their introduction was error, it was without prejudice.

4. The only other question in the case is, were the findings of fact, as determined by the court, sustained by the evidence? While there was some substantial evidence to indicate that the defendant was dealing with the plaintiff in good faith, and that he paid a valuable consideration for the property, there was also a chain of circumstances disclosed at the trial reasonably tending to support the conclusions of the trial court that the purchase was not made at the date of the instrument, and that, if an actual purchase was in the contemplation of the parties at all, such determination was reached at a subsequent time, when it was found to be necessary in order to protect the defendant. From the reading of the record, we are satisfied that the court was justified in finding that the transaction was not in good faith, but for the purpose of placing the property beyond the reach of creditors.

Order affirmed.