HUGH T. HALBERT v. STEPHEN PRANKE and Others.[1]

January 8, 1904.

Nos. 13,551—(12).

**Bankrupt—Fraudulent Conveyance.**
In an action by a trustee in bankruptcy to set aside a transfer and conveyance of real property by the bankrupt through a third person to his wife, and within four months of filing his petition in bankruptcy, on the ground that it was made to hinder and defraud creditors, it is *held*: (a) That the petition and schedule thereto attached, filed by the bankrupt, were inadmissible in evidence against the wife without her consent; (b) that they were incompetent to prove the insolvency of the bankrupt; and (c) that a conveyance of property by a bankrupt within four months of filing his petition in bankruptcy is not presumed fraudulent as to creditors, and the burden to establish its fraudulent character is upon the trustee, without a showing of which he cannot recover in an action to set aside the conveyance as fraudulent.

Appeal by plaintiff from an order of the district court for Ramsey county, Bunn, J., denying a motion for a new trial. Affirmed.

*Halbert & Halbert,* for appellant.

*O. E. Holman,* for respondents.

[1] Reported in 97 N. W. 976.

BROWN, J.

Action by a trustee in bankruptcy to set aside a conveyance of real property alleged to have been made to defraud creditors. Judgment was ordered for defendant in the court below, and plaintiff appealed.

The facts are as follows: On February 27, 1901, defendant Stephen Pranke, being the owner of certain real property, caused the same to be conveyed, through defendant Hennig, to his wife, Menna Pranke, for the consideration expressed in the deed of $1. Thereafter, on March 9 following, defendant Pranke filed a petition in bankruptcy in the United States District Court for Minnesota, and was on March 11 duly adjudged a bankrupt by the court. On March 22 plaintiff was duly appointed his trustee, and subsequently brought this action to set aside the conveyance of the real property to defendant Pranke's wife on the ground that it was made for the purpose of hindering, delaying, and defrauding creditors.

The cause came on for trial in the court below without a jury. In support of the allegations of the complaint plaintiff offered in evidence the petition in bankruptcy filed by the defendant Pranke in the United States District Court, together with the deeds by which the property sought to be reached was transferred to the bankrupt's wife. No evidence was offered to show that at the time of the conveyance defendant Pranke, the husband, was insolvent, or to any extent in debt; nor was there any evidence offered to show the value of the property conveyed to the wife, other than the expressed consideration in one of the deeds constituting the bankrupt's chain of title. The trial court found that, as plaintiff had failed to establish the insolvency or indebtedness of defendant Pranke at the time the conveyance was made, or that the transfer was with intent to defraud creditors, or was without adequate consideration, he could not recover, and judgment was ordered for defendants.

We are of opinion that the findings of the trial court cannot be disturbed, and the order denying a new trial must be affirmed. The schedule attached to the petition in bankruptcy, which contained a statement of the property owned by the bankrupt and debts he owed, was incompetent for the purpose of showing insolvency on the part of the bankrupt at the time the conveyance was made, some two weeks prior to the date of the petition. It amounted to mere declarations of the

bankrupt, was hearsay evidence, and inadmissible. Hibbs v. Marpe, 84 Minn. 10, 86 N. W. 612. The schedule and petition were also inadmissible as against the wife on the ground that a husband cannot, without the consent of the wife, be examined as a witness against her. The husband in this case could not have been called as a witness to testify, without the consent of the wife, concerning matters contained in the schedule; and, if he could not thus be orally examined, his written statements are also incompetent. National G. A. Bank v. Lawrence, 77 Minn. 282, 79 N. W. 1016, 80 N. W. 363.

The case then stands with no evidence of insolvency of the husband at the time of the conveyance to the wife, and none showing that the purpose of the conveyance was to defraud creditors, for it is not shown that there were any creditors at that time. The contention of plaintiff that the action may be maintained under section 67, Bankr. Act July 1, 1898, c. 541, 30 St. 564, 565 [U. S. Comp. St. 1901, 3449], cannot be sustained. That section provides that a conveyance, transfer, etc., made or given by a person adjudged a bankrupt under the provisions of the act, subsequent to the passage thereof, and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud creditors, shall be null and void as against the creditors of such debtor. It was not the purpose of this section to authorize an action to set aside any and all conveyances executed by the bankrupt within four months of the filing of his petition in bankruptcy, but only such as were made within that time for the purpose of hindering and defrauding creditors. The act does not make conveyances executed within that period prima facie fraudulent, and the burden is upon the person bringing an action thereunder to show as an essential element of his cause of action that the transfer was made for the purpose of defrauding creditors. There being no such showing in this case, judgment was properly ordered for defendants.

Affirmed.