# H. A. SODERGREN v. WILLIAM F. NELSON AND OTHERS.[1]

December 24, 1915.

Nos. 19,508—(179).

**Contribution — finding sustained by evidence.**

1. Evidence *held* sufficient to support the finding of the jury that there was an agreement between the plaintiff and the defendants, all of whom indorsed promissory notes of a corporation in which they were interested, which notes were paid by the plaintiff, that the plaintiff should take care of the notes, and as between them the defendants should be sureties for the plaintiff.

**Evidence — schedules in bankruptcy competent as an admission.**

2. Bankruptcy schedules of the corporation made under the direction of the plaintiff and verified by his oath *held* admissible in connection with his testimony on the value of the bankrupt estate which he purchased from the trustee.

**Evidence of value.**

3. It was not error to receive the testimony of the officers and stockholders of the bankrupt corporation as to the value of its plant, they having some familiarity with it and knowledge of its value, as against the objection that they were not qualified to testify as to value.

Action in the district court for Hennepin county against William F. Nelson, John A. Nelson and Hans A. Hanson to recover $1,918.14. The facts are stated in the opinion. The case was tried before Hale, J., and a jury which returned a verdict in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*A. B. Darelius,* for appellant.

*Einar Hoidale, H. L. Hoidale, O. M. Peabody* and *George S. Grimes,* for respondents.

DIBELL, C.

Action to recover of the defendants by way of contribution on notes indorsed by the plaintiff and the defendants and paid by the plaintiff.

1 Reported in 155 N. W. 760.

There was a verdict for the defendants. Plaintiff appeals from the order denying his motion for a new trial.

1. The plaintiff and the defendants were interested in the Morton Brick & Tile Company. They were its officers and stockholders. The company made notes to the First State Bank of Morton. They were indorsed by the plaintiff and the defendants. The company did not pay them. They were protested and were paid by the plaintiff. The plaintiff sues the defendants to recover the proportion which they should contribute.

The defendants claim that the original agreement was that the plaintiff should finance the company, and that, while they were to indorse company paper at his request, it was understood that he would pay it, and that it was so agreed as to the paper in suit; in other words, that as between them they were sureties for him.

The plaintiff very earnestly contends that the evidence is not sufficient to justify a verdict for the defendants upon this issue. We have examined the evidence critically. There was substantial evidence in support of the verdict. Some of it, as it appears in the paper book, seems artificial, but the trial court, in much better position than are we to judge its character, is satisfied with the verdict. The case is not one in which we can interfere within the doctrine of Peterson v. Chicago Great Western Ry. Co. 106 Minn. 245, 118 N. W. 1016, and cases cited.

2. The brick and tile company was adjudged a bankrupt and the plaintiff bought its property. The value of the property bought by the plaintiff was submitted to the jury as a material issue in the case. How it was material it is not necessary to inquire, for the question is only upon the propriety of the admission of the schedules in proof of value. It may be conceded that the schedules are usually inadmissible for such purpose. . See Walsh v. Paine, 123 Minn. 185, 143 N. W. 718; Halbert v. Pranke, 91 Minn. 204, 97 N. W. 976; Hibbs v. Marpe, 84 Minn. 10, 86 N. W. 612, and cases cited. Here, however, the plaintiff, who was the only one who was affected by the schedules, directed their making and verified them under oath before their filing. He was on the stand and so testified and they were competent as an admission.

3. The defendants testified as to the value of the plant. They had some familiarity with it and some knowledge of its value. They were

its officers and stockholders. We think they were qualified to give their opinion, and such criticism as may be made upon their testimony goes to its weight rather than its competency.

Order affirmed.