## MILAM v. STUBBLEFIELD. (No. 1713.)

(Court of Civil Appeals of Texas. El Paso. March 26, 1925. Rehearing Denied April 16, 1925.)

**1. Appeal and error ⊕⇒281(1)—Motion for new trial not necessary, where a case is submitted on special issues.**

Where case is submitted on special issues, a motion for new trial is not necessary to present assignments which do not contain fundamental errors.

**2. Corporations ⊕⇒385—Payment by corporation of debt due to incorporator is not ultra vires.**

Where manager of drug store had, contrary to principal's instructions, purchased merchandise on credit, payment for such merchandise by corporation subsequently organized by principal and manager to take over drug store business, without assuming debts, is not ultra vires, notwithstanding Vernon's Ann. Civ. St. Supp. 1918, art. 1164.

**3. Bankruptcy ⊕⇒151—Trustee is vested with same rights as creditors.**

Bankruptcy Act, § 70e (Comp. St. § 9654), vests trustee with same rights possessed by a creditor, and he is subject to same disabilities which would beset creditor in prosecuting an action on his own behalf, and rights of parties are not determined by Bankruptcy Act, but by principles of common law or laws of state under which action arose.

**4. Bankruptcy ⊕⇒185—Trustee is not vested with creditors' rights, where pleadings and proof do not show right of action in any creditor.**

Trustee in bankruptcy is vested with no rights arising under Bulk Sales Law (Rev. St. §§ 3970, 3971), in favor of creditors of corporation against an incorporator for the recovery of money paid by corporation to discharge incorporator's debt, where pleadings and proof do not show a right of action in any creditor on date of payment of such debt.

**5. Bankruptcy ⊕⇒185—Trustee is not vested with right to recover payment made by corporation, unless corporation could recover on ground of duress, mistake, or fraud.**

Even if trustee in bankruptcy is vested with same right which corporation might have to recover from incorporator a sum voluntarily paid by corporation to discharge incorporator's debt, trustee could not recover unless corporation could have recovered such payments on ground of duress, mistake, or fraud, which facts must be pleaded.

**6. Appeal and error ⊕⇒672—Not fundamental error to render judgment where pleading and proof sustained judgment.**

It was not fundamental error to render judgment in favor of incorporator, in action by trustee in bankruptcy, seeking to recover from such incorporator money paid by a corporation to discharge incorporator's debt, where pleading and evidence did not show that creditors could have recovered.

**7. Bankruptcy ⊕⇒185—Trustee cannot recover excessive payments of rent from landlord.**

Trustee in bankruptcy cannot recover against landlord for alleged excessive payments of rent, where pleadings or proof neither showed that there were creditors having rights superior to landlord's rent at time of payment, nor that such payments were made under duress, mistake, or fraud.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by R. G. Milam, trustee, against J. R. Stubblefield. From judgment rendered, both parties appeal. Affirmed in part, and reversed in part.

Wagstaff, Harwell & Wagstaff, of Abilene, and Burkett, Orr & McCarty, of Eastland, for appellant.

J. R. Stubblefield and Chas. C. Robey, both of Eastland, B. W. Patterson, of Cisco, and J. G. McGrady and Lea, McGrady, Thomason & Edwards, all of El Paso, for appellee.

WALTHALL, J. R. F. Milam, trustee in bankruptcy of the estate of E. B. Massie Drug Company, a private corporation, brought this suit as trustee against J. R. Stubblefield seeking recovery upon two counts in his petition. Milam in the first count alleges, substantially, that J. R. Stubblefield had theretofore in writing leased a certain building and fixtures to the E. B. Massie Drug Company, the rental consideration being $25 per month, and in addition thereto 8 per cent. of the gross income received and collected by the E. B. Massie Drug Company for cash sales made each month. After stating the cash sales, during the rental period, collected to be $31,954.29,

(271 S.W.)

and the average "gross income or gross profits" from said sales to be 32 per cent. during said lease period, and that the E. B. Massie Drug Company had paid J. R. Stubblefield the sum of $3,038.62 as rents, and that the sum of $2,685.62 was paid to Stubblefield directly, and $353.33 was paid to others for Stubblefield on the rent account, it is alleged that only $1,067.94 should have been paid Stubblefield, including the monthly payments of $25, thereby paying him $1,970.68 more than he was to receive as rents under said lease contract. By the first count Milam, trustee, seeks to recover the sum of $1,970.68 over payment on rents. In the second count it is alleged, in substance, that during the life of the E. B. Massie Drug Company, and prior to the filing of its petition in bankruptcy, the assets of said corporation were taken out of said corporate funds to the extent of the sum of $3,902.36, and used to pay the personal debts of Stubblefield, and the trustee seeks recovery of said sum.

The petition, in addition to the above, alleged that the total amount of the capital of the E. B. Massie Drug Company was $6,000, which was represented to be wholly paid in and unincumbered; that at the time said corporation was formed the stock of drugs and other merchandise which constituted the capital of the corporation, and then owned by Stubblefield, was not in fact clear of incumbrance, but was incumbered to the extent of $3,902.36, and which amount in accounts Stubblefield at that time personally owed on said goods and merchandise to his creditors; that prior to the time of filing the petition in bankruptcy the assets of said corporation to the extent of said sum of $3,902.36 were taken out and used to pay said accounts, and for reasons stated it was alleged that Stubblefield was indebted to said bankrupt estate in the additional sum of $3 902.36. It is alleged that by reason of the facts alleged the estate of the said corporation is now, and was at the time of its incorporation insolvent. The suit of the trustee was to recover of Stubblefield for the bankrupt estate the sums of $1,970.68, for excess of rents paid, and $3,902.36 paid on personal debts of Stubblefield by the corporation—the total sum of $5,873.04.

Stubblefield answered by general demurrer, general denial, and special answer, admitting the execution of the written lease contract beginning on March 3, 1922, and ending on December 31, 1925, and for the rental consideration stated and alleged that he had received no greater amount of rents than he was justly entitled to receive. He further answered that if the written contract declared on was uncertain in its meaning, which was denied, in such event it was the intention of both that he should be paid the sum of $25 as rent on the fixtures mentioned in the rental contract, and in addition there-

to he was to be paid as further rental a sum equal to 8 per cent. of the gross sales received and collected during the preceding month as a monthly rental; that the interpretation of the rental contract as alleged was mutually agreed upon and acted upon by both parties to the contract, and that, if the contract does not express the intention as alleged of the parties to it, in such event, the contract through mutual mistake failed to properly declare the contract as mutually agreed upon.

Stubblefield further answered that at all times when the E. B. Massie Drug Company paid to him any amount E. B. Massie was the president and general manager of the E. B. Massie Drug Company and had the general control and management of its business; that it was the duty of E. B. Massie, as president and general manager, to pay and discharge any indebtedness of the E. B. Massie Drug Company for rents due him (Stubblefield); that in doing so he acted within the scope of his authority and pursuant to his said duties, and his acts were and are binding upon the E. B. Massie Drug Company. It was further alleged that the sums of $200, received as rentals for the months of December, 1921, January and February, 1922, were less than the reasonable rental and market value of the rented premises, and not unjust or unfair. It is further alleged that it is not true that the E. B. Massie Drug Company was insolvent at the time of its incorporation.

The case was tried to a jury and submitted upon special issues. On special issues the jury found, substantially, that in making the rental contract it was the intention and mutual agreement of the parties that Stubblefield should receive as part of the rentals for the building 8 per cent. of the gross profits which might be received from the sale of merchandise; that the amount of the gross profits received from March 3, 1922, to March 31, 1922, was $785.83; that the amount of the gross profits received for each month beginning with April 1, 1922, and terminating with the last day of each succeeding month up to and including the 31st day of December, 1922, was as follows: For April, $784.65; for May, $996.42; for June, $1,193.30; for July, $1,523.49; for August, $1,318.47; for September, $1,198.77; for October, $890.44; for November, $712.66; for December, $821.29; that the amount of rents received by J. R. Stubblefield from the E. B. Massie Drug Company for the period of time from March 3, 1922, up to and including December, 1922, was $2,936.93.

The trial court overruled the motion of Milam, trustee, to enter judgment as prepared by him, and entered judgment in favor of R. F. Milam, trustee, and against J. R. Stubblefield, in the sum of $1,868.90, as excess rents paid, and that R. F. Milam, trustee, take nothing as against Stubblefield

on account of the open accounts and indebtedness owing by Stubblefield at the time of the incorporation of the business, and which claims were paid by the E. B. Massie Drug Company, to which Milam, trustee, then and there excepted and gave notice of appeal, and filed assignments of error.

Stubblefield filed motion for a new trial. The motion was overruled, to which ruling Stubblefield duly excepted and gave notice of appeal.

### Opinion.

In the briefs filed here R. F. Milam, trustee, is designated as appellant, and Stubblefield as appellee, and we will so regard them in our consideration of the case.

[1] Appellee objects to a consideration of the assignments of error filed by appellant, for the reason that appellant filed no motion for new trial, and the errors complained of are not fundamental errors. The case was submitted upon special issues.

We do not concur in appellee's contention, and without a discussion of the matter refer to Stubblefield v. Jones et al. (Tex. Civ. App.) 230 S. W. 720, as expressing our view (in which a writ of error was refused), and the cases there referred to.

On August 3, 1921, Stubblefield purchased at public sale the stock of goods theretofore owned by E. B. Massie, and continued the business with Massie in charge until its incorporation in January, 1922, for the purpose of conducting and continuing the same business. While the business was owned by Stubblefield and conducted by Massie, as manager in charge, Massie, against the instructions of Stubblefield, purchased, on open account and for the business, some merchandise on a credit, and when the business was incorporated the corporation took over the entire stock of merchandise as it then existed, and in addition took over as corporate assets the money belonging to the business then in the bank. In the incorporation of the business it seems that no outstanding open accounts of the former business, while owned by Stubblefield, were expressly assumed by the corporation. The open and outstanding accounts, the amount not found by the jury nor by the court, but which the evidence shows to have been due and owing certain creditors of Stubblefield at the time of the incorporation for goods purchased by Massie, amounted in the aggregate to the sum of $3,028.01. These open accounts to the amount stated were shown to have been paid by the appellant corporation with the corporate assets. The court states in the judgment that Stubblefield is not liable to the appellant trustee for said accounts, and it is from that holding of the court that appellant prosecutes this appeal.

[2] Under propositions 1, 2, and 3 appellant makes the contention that the E. B. Massie Drug Company incorporated for the purpose of carrying on a retail drug business, and, having out of its corporate assets paid the individual accounts of Stubblefield without the corporation having received any or corresponding benefit from said payments, such acts of payment were ultra vires and void, and such sums of money can be received from Stubblefield in this suit by the corporation's trustee in bankruptcy, and such would be his liability whether said payments were made with or without his consent; he being one of the incorporators, and having placed his goods in said corporation as its entire unincumbered assets.

Appellant refers us to article 1164, Vernon's Sayles' Texas Civil Statutes Supp. 1918, which provide that—

"No corporation * * * doing business in this state shall employ * * * its stock, means, assets or other property, directly or indirectly for any purpose whatever other than to accomplish the legitimate business of its creation, or those purposes otherwise permitted by law."

There are a number of provisos under the section but none of them have application here. It seems clear that the corporation's authority and power under the statute was to conduct the mercantile business conferred upon it by its charter, and any act beyond the powers expressly conferred is ultra vires and ordinarily void. It is true, as claimed by appellant, the corporation has no power to pay debts with corporate assets other than its own. There are, however, limitations of the rule arising in equity. But we think the question of ultra vires, for reasons stated, has no application here.

[3] Section 70e of the Bankrupt Law (U. S. Comp. St. § 9654) vests the trustee with the same rights possessed by the creditors. It does not clothe him with any new or additional right in the premises over those possessed by the creditor, and he is subject to the same limitations and disabilities which would beset the creditor in the prosecution of the action on his own behalf; and the rights of the parties are to be determined, not by any provision of the Bankruptcy Act, but by the applicable principle of the common law or the laws of the state in which the action may arise. See Black on Bankruptcy (3d Ed.) § 445.; Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 511; Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829; Halbert v. Pranke, 91 Minn. 204, 97 N. W. 976.

In Trice v. American Trust & Savings Bank of El Paso, 259 S. W. 993, this court, speaking through Mr. Justice Higgins, after referring to the above authorities, made the following observations:

"It was therefore necessary for the appellant [Trice, trustee] by plea and proof to show that he had succeeded to the right of some creditor or creditors, entitled either under ar-

ticle 3970 or article 3971, R. S., to attack the validity of the mortgage and the subsequent sale thereunder. See the two cases last above cited. The record discloses that the automobiles were voluntarily surrendered by the mortgagors to the mortgagee on August 16, 1921, removed and segregated. Only creditors existing · upon that date could question the validity of the mortgage and the subsequent sale thereunder. A creditor whose right accrued subsequent to that date cannot complain. Kramer v. Martin (Tex. Civ. App.) 184 S. W. 511."

[4, 5] In that case, as in this, neither the pleadings nor the evidence show a right of action of any creditor upon any of the dates of the payments by the E. B. Massie Drug Company, as to any of the items of the debts of Stubblefield, arising under articles 3970 and 3971, R. S., in favor of a creditor of the E. B. Massie Drug Company, and hence, as said in the case of Trice v. American Trust & Savings Bank, the trustee is vested with no right in that connection under the Bankruptcy Law. The evidence in this case makes it clear that the debts of Stubblefield paid by the E. B. Massie Drug Company were created by E. B. Massie contrary to the specific instruction of Stubblefield, and for goods that went into the stock of .goods of the E. B. Massie Drug Company at the time of its incorporation, and that E. B. Massie, after the incorporation of the business, voluntarily and without the knowledge of Stubblefield, paid the debts complained of, and it is not disclosed by the pleading or proof that on the dates of such payments the corporation was then insolvent, nor that there were any creditors of the E. B. Massie Drug Company other than the creditors of Stubblefield whose debts were then paid. It was claimed by appellant in oral argument that the trustee also is vested with the same power as that of the corporation itself. But even in such case, where the corporation has voluntarily paid the debts, it could not recover, we think, unless such payments were made under duress, force, mistake, or fraud, which must be alleged and proved. Nor does the evidence show either duress, force, mistake, or fraud.

The power of the trustee in bankruptcy being limited to that of the creditors, the general rule, as stated by the Supreme Court of Missouri in Coleman v. Hagey, supra, is that subsequent creditors cannot attack a transfer of property unless they can show that the act was fraudulent and was intended toward them, and to make this showing it is necessary to plead it. In the instant case neither the pleading nor proof shows that the payment of the debts of Stubblefield was made to defraud creditors, whether then existing or subsequent. Nor does the pleading or proof show that there were creditors of the corporation at the time of the payment of any of the items of indebtedness.

The Bulk Sales Law, we think, has no application to the facts pleaded or proved under which the trustee would have a cause of action.

[6] It was not fundamental error, under the facts pleaded and shown, to render judgment for appellee for the amount of the debts of Stubblefield paid by the corporation, as insisted by appellant in propositions 5 and 6.

[7] We come now to the appeal prosecuted by appellee, Stubblefield, from the judgment in favor of the appellant, trustee, for rents paid by the corporation to Stubblefield in excess of the amount which Stubblefield was entitled to receive as rents, under the rent contract. The questions presented are almost identical with those discussed above. The rents paid were debts of the corporation, and were preferred debts and superior to current debts. The payments were voluntarily made by E. B. Massie, general manager of the corporation, from month to month as they became due, and there is no suggestion in pleading or proof that the payments were made under duress, force, mistake, or fraud. To allege simply that Massie was compelled to pay the rent is not an allegation of duress to · pay rents. Dale v. Simon (Tex. Com. App.) 267 S. W. 467. Nor do the facts show fraud. Massie's knowledge of the facts was knowledge of the corporation. Nor does the pleading or proof show the existence of creditors at the time of any of the payments. Certainly if the trustee represents creditors it should be alleged and proved that there were creditors, and such facts alleged and made to appear that the creditors would then have a cause of action and superior to the landlord's rent account, so that same could be asserted by the trustee.

We have concluded that the facts pleaded and proved do not show a cause of action in the trustee in bankruptcy under either of the counts.

For reasons stated, the case is affirmed as to the judgment against appellant, Milam, trustee, and reversed as to Stubblefield, and here rendered that the trustee, Milam, take nothing as to Stubblefield.

Justice HIGGINS did not sit in this case.

Affirmed in part, and reversed and rendered in part.