### HAYNIE v. BARNES et al.　(No. 122.)

(Court of Civil Appeals of Texas. Eastland. April 2, 1926. Rehearing Denied June 25, 1926.)

1. **Bankruptcy** ⬅152.

On filing of petition in bankruptcy, all of bankrupt's nonexempt property vests immediately in trustee for benefit of creditors.

2. **Bankruptcy** ⬅185—Bank, without notice that bankrupt executed deed to defraud creditors, acquired good title as against trustee by purchase on foreclosure of prior lien (Bankr. Act, § 47a [U. S. Comp. St. § 9631]).

Bank, without notice that bankrupt executed deed to defraud his creditors, acquired good title as against trustee, by purchasing property on foreclosure of prior lien, in suit to which neither bankrupt nor trustee was party; trustee, under Bankr. Act, § 47a (U. S. Comp. St. § 9631) having only such rights against bank as creditor had.

3. **Bankruptcy** ⬅185—Notice to bank of bankrupt's and his creditors' rights by recitation in deed, made to defraud creditors without bank's knowledge, did not entitle trustee to recover land from bank purchasing it on foreclosure of prior lien, where notes described as consideration were never executed.

That bank, without notice that deed was executed by bankrupt to defraud creditors, had notice of grantor's or his creditors' rights by recitation in deed, did not entitle trustee in bankruptcy to recover land from bank, which purchased it on foreclosure of prior lien, where notes described in deed as consideration therefor were never executed.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by R. W. Haynie, as trustee of the estate of Tom Harrell, bankrupt, against Jack Barnes and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Scarborough & Wilson, of Abilene, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellees.

RIDGELL, J. R. W. Haynie, as trustee in bankruptcy of the estate of Tom Harrell, bankrupt, brought this suit against appellee, alleging: That Tom Harrell executed a warranty deed conveying to Jack Barnes, lot No. 7, block No. 107, in the city of Abilene, Tex., for a consideration, among other things, two notes, one for $750, and one for $1,000 secured by a vendor's lien on said lot. That

said deed was in fact made for the purpose of placing said property out of the reach of Harrell's creditors and was void. That said deed was dated about October 15, 1920, and was immediately placed of record in the deed records of Taylor county, Tex. That thereafter Tom Harrell filed a petition in bankruptcy, and appellant, Haynie, was appointed and qualified as trustee. That thereafter, with actual notice of the bankruptcy, the appellee brought suit to foreclose prior lien on said lot, but neither Harrell nor the trustee was made a party to the suit.

The appellant here asks that the deed from Harrell to Barnes be canceled, because same was void and in fraud of the creditors of Harrell, and, having tendered to the bank the amount of its debt and claim against the property, that the appellant have judgment for the lot in controversy.

The appellee bank answered by general demurrer, general denial, and specially that, by reason of its purchase of the property of the foreclosure sale and of the facts in the matter, it was an innocent purchaser for value.

The cause was tried upon agreed statement of facts, and the trial court rendered judgment in favor of appellee, and the cause is now before this court.

By the first proposition it is insisted that the title to the property involved vested in trustee in bankruptcy upon his qualification, charged with debts against it, and therefore appellant was a necessary party and now should be given the right of redemption.

[1] It is true upon filing of petition in bankruptcy all property of the bankrupt, except exempt property, vests immediately in the trustee for the benefit of the creditors. Remmington on Bankruptcy, vol. 4, p. 6, arts. 1376, 1377; Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 157. By the amendment of 1910, section 47a (U. S. Comp. St. § 9631), gives to trustee all the rights and remedies of a creditor holding a judgment lien.

The questions controlling this case are, however:

First. Did Tom Harrell have any interest or ownership in the property at the time he filed petition in bankruptcy?

Second. Did the appellee have notice of such interest or ownership?

Third. The deed record showing that Harrell had conveyed that property to Barnes, and the record showing at time of filing petition and at time of foreclosure and sale under appellees' judgment that the ownership was in Barnes, and Barnes, being a party to foreclosure, would bank be an innocent purchaser and as well protected in the purchase by having made all record owners party to the foreclosure?

The agreed facts are as follows:

"(1) Tom Harrell is the common source of title to the property involved in this litigation, as agreed to by the parties.

"(2) On the 15th of October, 1920, Tom Harrell executed to Jack Barnes a warranty deed to lot No. 7, in block No. 107, in the city of Abilene, Taylor county, Tex., which deed was promptly placed of record in the deed records of Taylor county, Tex. It recited a cash consideration of $1,500, and the assumption of three vendor's lien notes, payable to the order of Schneider-Davis Company, two of said notes being for $562.50 each, and one for $1,125, and the execution of two notes payable to the order of Tom Harrell, one for the sum of $750 and the other for $1,000, payable in 6 and 12 months from date.

"(3) On the 20th of November, 1920, the said Tom Harrell filed a voluntary petition in bankruptcy in the Abilene division of the Northern district of Texas, and was duly adjudged a bankrupt; and the plaintiff, R. W. Haynie, was appointed trustee of said estate. Some time after the said Harrell was adjudged a bankrupt Jack Barnes conveyed the said property to Sam Swann by general warranty deed, but said deed was really intended as a mortgage to secure the Abilene State Bank.

"(4) On the 19th of October, 1922, in cause No. 4982, in the district court of Taylor county, Tex., in the suit of Billy Barnes et al. v. Sam Swann et al., Abilene State Bank recovered a judgment against Jack Barnes in the sum of $5,460, and against Jack Barnes, Billy Barnes, and Sam Swann for foreclosure of lien in the sum of $2,581.39, with 10 per cent. interest from date, and, by virtue of process under said judgment of foreclosure, Abilene State Bank purchased the property at sheriff's sale, paying the sum of $2,500 therefor. The Abilene State Bank recovered its judgment for said sum of $2,581.39 by virtue of prior liens on the property before Tom Harrell ever acquired the property, and said liens were taken up and owned by the bank at the request of the said Jack Barnes, who held the legal title.

"(5) The bank duly recorded its deed from the sheriff under said judgment. In addition to the $2,500 consideration, which was credited on the bank's judgment, the bank paid out $300 to Jack Barnes to get him to release his claim and to not appeal the case. The bank also released the said Jack Barnes from personal judgment in the sum of $2,500, which personal judgment was unsecured. The said Jack Barnes at said time was insolvent.

"(6) Neither R. W. Haynie, trustee, nor Tom Harrell were parties to the suit of Billy Barnes v. Sam Swann et al., in which suit the bank obtained its foreclosure.

"(7) At the time the property was transferred to Barnes by Harrell on October 20, 1920, Harrell was insolvent and made the conveyance to Barnes for the purpose of defrauding his creditors; the said Tom Harrell then being insolvent. However, Tom Harrell did list the property in question in his schedules in the bankrupt court as his property, and stated that it was being held in trust by Jack Barnes at the time the schedules were filed.

"(8) The defendant bank knew Tom Harrell was in bankruptcy at the time of its fore-

closure against Barnes, but said bank had no actual notice of the purpose of Tom Harrell in conveying the property to Barnes and no actual notice of any claim or right of the trustee 'at the time it filed its action to foreclose, and at the time it purchased the property, and at the time it paid the $300 to Barnes and released Barnes from the judgment, which it held against him. At the time the bank foreclosed its lien, all parties shown to have an interest in the land by the records of Taylor county, Tex., were parties to the suit. No lis pendens or other papers were filed in the office of the county clerk of Taylor county, showing the bankruptcy of Tom Harrell, or anything to indicate that Tom Harrell or the trustee in bankruptcy, were interested in this property at the time that the foreclosure was made."

Under agreed facts, it would follow, as a matter of law, that the appellant would be denied a recovery of the lot as against the bank.

We quote from the case of Milam v. Stubblefield (Tex. Civ. App.) 271 S. W. 410, as follows:

"Section 70e of the Bankrupt Law (U. S. Comp. St. § 9654) vests the trustee with the same rights possessed by the creditors. It does not clothe him with any new or additional right in the premises over those possessed by the creditor, and he is subject to the same limitations and disabilities which would beset the creditor in the prosecution of the action on his own behalf; and the rights of the parties are to be determined, not by any provision of the Bankruptcy Act, but by the applicable principle of the common law or the laws of the state in which the action may arise. See Black on Bankruptcy (3d Ed.) § 445; Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 511; Coleman · v. Hagey, 252 Mo. 102, 158 S. W. 829; Halbert v. Pranke, 91 Minn. 204, 97 N. W. 976."

[2] The record shows that Harrell, by deeds duly recorded, conveyed this property to Barnes, but for the purpose of defrauding his creditor; that the notes mentioned in deed were in fact never executed; that the bank had no notice of fraudulent character of deed or notes. In this situation, the bank foreclosed its prior lien against the record owners. Not having any notice of any claim of ownership by the trustee in bankruptcy, the title acquired by bank at foreclosure sale would be good as against trustee, the trustee under facts only having such rights by virtue of his trusteeship enforceable against bank as enjoyed by a creditor. Milam v. Stubblefield (Tex. Civ. App.) 271 S. W. 410.

Neither Harrell nor creditors could take advantage of fraud of Harrell in a contest with the bank in the absence of notice of fraud, but the bank, under certain circumstances, might have been required to answer and account for the vendor's lien shown by the record and believed to exist at time of foreclosure.

It follows the bank, by foreclosure, acquired the title of all record owners, and, not having actual or constructive notice of the alleged fraud in the deed and notes at the time it acquired the property at foreclosure and sale, neither trustee could invoke the fraud and enforce same against appellee. Martin v. Pond (C. C.) 30 F. 15; Rogers v. Houston et al., 94 Tex. 403, 60 S. W. 869; H. & T. C. Ry. Co. v. Shirley, 89 Tex. 95, 31 S. W. 291.

[3] Appellant insists that the bank had notice of the rights of Harrell and his creditors by the recitation in the deeds, that, if the bank believed deed genuine, the trustee was a necessary party. The bank did have notice, and would be bound by recitation of the deed, if they were enforceable and were being enforced in this suit. Wooten Gro. Co. v. Lubbock St. Bank (Tex. Com. App.) 215 S. W. 836.

We are not asked here to render judgment on the notes described in deed, but, upon the contrary, it is agreed that the notes were never executed and the deed was in fraud and the transaction simulated, but not known to bank at time of foreclosure and sale.

It follows, Harrell, by his own fraud, placed himself and trustee in a situation where the alleged debt and lien could not be enforced, and certainly they could not cause strangers to the fraud and innocent purchasers to suffer and be penalized for Harrell's fraud. Hughes v. Hughes (Tex. Com. App.) 221 S. W. 970.

This disposes of all assignments of error complained of by appellants, and it is our opinion the judgment of the trial court should in all respects be affirmed.