EDWARD J. QUINTAL and Others, as Trustees in Bankruptcy of CONSOLIDATED FACTORS CORPORATION, Bankrupt, Appellants, *v.* GILBERT W. KELLNER, Respondent.

First Department, June 20, 1933.

*John W. Simpson, 2d,* of counsel [*Hamilton A. Long* with him on the brief; *Gleason, McLanahan, Merritt & Ingraham,* attorneys], for the appellants.

*David Haar,* for the respondent.

*Arnold A. Jaffe* of counsel [*Charles A. Houston* with him on the brief; *Otterbourg, Steindler & Houston,* attorneys], for Samuel Shapiro, as *amicus curiæ.*

GLENNON, J. Plaintiffs, trustees in bankruptcy, commenced this action to recover two payments aggregating $5,000 which are claimed to have been wrongfully made to defendant by the bankrupt. The complaint contains three causes of action.

In the first cause of action it is alleged that i February, 1927, defendant subscribed for and purchased 250 shares of the stock of Consolidated Factors Corporation at $100 per share. In March, 1927, the president and the secretary-treasurer caused the corporation to pay to defendant $2,500 in connection with this transaction. It is then averred that this was a voluntary payment or gift made without consideration and was, therefore, received by defendant for the benefit of the corporation.

In the second and third causes of action it is alleged that an additional payment of $2,500, making in all the sum of $5,000, was caused to be made to defendant by the same officers in an attempted discharge of their personal and individual obligations; that the corporation received no consideration therefor and that, accordingly, the payments were *ultra vires* and invalid acts.

None of the causes of action contains any allegation that the corporation was insolvent or that there are any parties now in existence who were creditors of the bankrupt at the time these payments were made. The corporation was not adjudicated a bankrupt until about two years later.

It is the contention of appellants that an allegation of insolvency or of the existence of creditors is unnecessary since the trustee succeeded to all of the property rights of the bankrupt. The power of a trustee in bankruptcy to enforce rights arising out of fraudulent transfers is limited by subdivision (e) of section 70 of the Bankruptcy Act (U. S. Code, tit. 11, § 110, subd. [e]), which reads as follows: " The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication."

This subdivision very definitely restricts the power of the trustee in bankruptcy to enforce a right such as is presented in this case only where a creditor might have done so. A person who became a creditor subsequent to the alleged *ultra vires* acts would have no cause for complaint. Consequently, it is apparent that the trustee must show in his pleading that a creditor could have enforced the right or that the bankrupt was insolvent at the time the payments were made. (*Kaminsky* v. *Phinizy*, 54 F. [2d] 16; *Milam* v. *Stubblefield*, 6 Am. Bank. Rep. [N. S.] 856; 271 S. W. 410.)

The orders appealed from should be affirmed, with twenty dollars costs and disbursements.

Finch, P. J., Merrell, Martin and O'Malley, JJ., concur.

Orders affirmed, with twenty dollars costs and disbursements.