EDWARD J. QUINTAL et al., as Trustees in Bankruptcy of CONSOLIDATED FACTORS CORPORATION, Appellants, *v.* GILBERT W. KELLNER, Respondent.

(Argued January 15, 1934; decided February 27, 1934.)

*John W. Simpson, 2nd, Abram I. Elkus, Charles F. Bailey* and *Hamilton A. Long* for appellants. Each of the causes of action in the complaint sets forth facts sufficient to establish a cause of action which prior to the adjudication could have been enforced by the bankrupt. (*Richards* v. *Wiener Co.*, 207 N. Y. 59; *People* v. *Marcus*, 261 N. Y. 268; *Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 N. Y. 185; *Billings* v. *Shaw*, 209 N. Y. 265; *Continenta Securities Co.* v. *Belmont*, 206 N. Y. 7; *Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152; *Godley* v. *Crandall & Godley Co.*, 212 N. Y. 121; *Worthington* v. *Worthington*, 100 App. Div. 332; *Deutsche Pres. Kirche* v. *Trustees*, 104 Atl. Rep. 642.) The present action, being predicated upon rights of action which at the time of the filing of the petition in bankruptcy existed in favor of the corporation bankrupt, may now be maintained by the plaintiffs as its trustees. (*Stephan* v. *Merchants Coll. Corp.*, 256 N. Y. 418; *Matter of Levinson*, 1 Fed. Rep. [2d] 851; *Imperial Ins. Co.* v. *Livingston*, 49 Fed. Rep. [2d] 745; *Matter of Cantelo Mfg. Co.*, 185 Fed. Rep. 276; *Matter of Baudouine*, 96 Fed. Rep. 536; *Chandler* v. *Nathans*, 6 Fed. Rep. [2d] 725; *English* v. *Richardson*, 80 N. H. 364; *Chesapeake Shoe Co.* v. *Seldner*, 122 Fed. Rep. 593; *Walkof* v. *Fox*, 153 N. Y. Supp. 27; 155 N. Y. Supp. 1146; *Bynum* v. *Scott*, 217 Fed. Rep. 122; *Irving Trust Co.* v. *Gunder*, 254 N. Y. Supp. 630; *Kessler* v. *Herklotz*, 117 N. Y. Supp. 45; *Tucker* v. *Western Union Tel. Co.*, 157 N. Y. Supp. 873.)

*David Haar* and *Michael Berman* for respondent. The powers and duties of a trustee in bankruptcy are

prescribed by the Bankruptcy Act (30 Stat. 544), and limited by its provisions. (*Matter of V. & M. Lumber Co.*, 182 Fed. Rep. 231; *Matter of Kreuger*, 196 Fed. Rep. 705; *American Woolen Co.* v. *Samuelsohn*, 226 N. Y. 61; *York Manufacturing Co.* v. *Cassell*, 201 U. S. 344.) The rights of a trustee in bankruptcy being statutory, they are limited to rights of creditors injured by the wrong complained of. Lacking an allegation that creditors now in existence were creditors at the time of the payments complained of, the trustees have no rights against the defendant. (*Kaminsky* v. *Phinizy*, 54 Fed. Rep. [2d] 16; *Milam* v. *Stubblefield*, 271 S. W. Rep. 410; *Ga Nun* v. *Palmer*, 216 N. Y. 603; *Lummis* v. *Crosby*, 176 App. Div. 315.)

*Arnold A. Jaffe* for Samuel Shapiro, *amicus curiæ.* Assuming that the action does inure to the benefit of the trustees by virtue of succeeding to the rights of stockholders of the corporation to bring the suit, it is necessary for the complaint to allege that stockholders or the corporation have not assented and acquiesced in the alleged transfer and object to the transfers by the corporation to the defendant. (*Continental Securities Co.* v. *Belmont*, 206 N. Y. 7; *Pollitz* v. *Gould*, 202 N. Y. 11; *Appleton* v. *A. M. Co.*, 65 N. J. Eq. 375; *I. G. L. Co.* v. *Treman*, 93 N. Y. 660; *Kingman* v. *R., W. & O. R. R. Co.*, 30 Hun, 73; *Belden* v. *Burke*, 147 N. Y. 542; *Dimpfell* v. *O. & M. Ry. Co.*, 110 U. S. 209; *Parsons* v. *Hayes*, 14 Abb. N. C. 419; *Drake* v. *N. Y. Suburban Water Co.*, 26 App. Div. 499; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159.)

LEHMAN, J. An action brought by trustees in bankruptcy of a corporation has been dismissed on motion of the defendants. Two questions arise on this appeal: *First.* Does the complaint set forth facts sufficient to constitute a cause of action which was vested in the corporation at the time of its bankruptcy? *Second.* Did that cause of action pass to the trustees in bankruptcy?

The complaint seeks to set forth three causes of action. The gist of each is that the defendant has received moneys which the officers of the corporation " caused to be paid by said corporation from its moneys * * * in the attempted discharge of their personal and individual obligation to the said defendant." There can be no doubt that a corporate officer who applies the funds of a corporation to purposes beyond the scope of his authority is guilty of conversion of the corporate funds, and the corporation may maintain an action against him and against any person who participates in the conversion and accepts its fruit. Against such person an action will lie for money had and received. There can also be no doubt that a corporate officer has no power, implied or apparent, to apply corporate funds to the discharge of his personal indebtedness. These rules have been enunciated so frequently and are so fundamental in the law governing corporate rights and powers, that citation is unnecessary. Here, however, there is no allegation that the corporate officers acted without authority, at least in so far as the corporation could give such authority. Indeed, any possible inference of lack of authority that might be drawn from the allegation that the corporate moneys were used without consideration moving to the corporation is negatived by the allegations that the officers " caused " the *corporation* to pay the moneys. The action is not for conversion, for there can be no conversion of corporate funds through acceptance of corporate moneys paid out by the corporation itself. It is true that where action by the corporation is dictated by its officers for their personal interest, the corporation may, in proper case, disaffirm the transaction and demand restitution of corporate property alienated in its course. A stockholder, injured by refusal or failure of the corporate officers or directors to bring an action for the protection of the corporation, may bring such action in equity in its behalf, at least where he did not acquiesce in the trans-

action; but here there is no allegation that the corporation disaffirmed the transaction or even that all the stockholders did not acquiesce in payment by the corporation.

In actions brought to compel officers and directors to account for loss occasioned to a corporation by their misfeasance, we have drawn a distinction between transactions which, though voidable at the option of the corporation, were not void, and might be ratified by the corporation by a majority vote of its stockholders; and transactions which were void and, therefore, not subject to ratification by such vote. "The direct or indirect misappropriation of assets of the corporation to his own use or benefit by an officer is incapable of being authorized or ratified by a vote or any act or omission of the majority of the stockholders." (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 127.) Where ratification cannot render a void act valid, disaffirmance is unnecessary before action is instituted by the corporation to compel a delinquent officer to make good loss which the corporation sustained thereby, and, though acquiescence by all the stockholders may furnish a defense to such an action by the corporation or one of its stockholders, such acquiescence will not be presumed, but must be alleged in the answer and proven at the trial. (*Continental Securities Co.* v. *Belmont*, 206 N. Y. 7.) The allegations of the complaint are sufficient to show that here the officers of the corporation induced the corporation to use the corporate funds for purposes which the corporation could not authorize, at least without the acquiescence of all of its stockholders, but the action is not brought to compel the officers to account for loss occasioned by their wrongful acts. The action is brought against the person to whom, it is alleged, the moneys were transferred by the corporation.

The Bankruptcy Law (Section 70) provides that (a) " the trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt * * * to all * * * (4) property

transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him * * * and (6) rights of action arising upon contracts, or from the unlawful taking or detention of, or injury to, his property." (30 Stat. 565; U. S. Code, tit. 11, ch. 7, § 110.) Quite evidently these provisions, unless elsewhere restricted, are sufficient to vest in the trustee in bankruptcy any right of action which at the time of the bankruptcy the corporation may have possessed, to recover from directors or officers losses caused by their misconduct. " A claim against directors of a bankrupt corporation for damages due to their misconduct passes to and may be enforced by the trustee." (*Stephan* v. *Merchants Collateral Corp.*, 256 N. Y. 418, 421.)

The trustees' title to the bankrupt's property vested in him by subdivision a of section 70 of the Bankruptcy Law is not qualified or restricted by subdivision e of the same section, which provides that " the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication." That subdivision constitutes an enlargement of the powers of the trustee, not a restriction upon the trustee's title to the property of the bankrupt. Though it does not appear in this case that any creditor was injured by, or could have avoided, the transfer of corporate moneys to the defendant, made without consideration or benefit to the corporation (*Graham* v. *Railroad Co.*, 102 U. S. 148), yet an action by the trustee would lie to compel the delinquent officers to make good a loss to the corporation caused by their wrong. (*Manning* v. *Campbell*, 264 Mass. 386, but cf. *Skinner* v. *Hulsey*, 103 Fla. 713.)

The question remains whether trustees in bankruptcy

may recover, in an action for money had and received, moneys of the corporation which were wrongfully transferred to a third party by a corporate officer. The answer seems clear. If possession only and not title passed from the corporation, the trustee may bring an action to regain the property or to recover damages for invasion of its property rights. In such case it would probably be immaterial whether the action was for conversion or, in form, contractual for money had and received. On the other hand, if title to the property was transferred from the corporation, then the trustee in bankruptcy can bring an action to avoid such transfer only where a " creditor of such bankrupt might have avoided " it. (*Kaminsky* v. *Phinizy*, 54 Fed. Rep. [2d] 16; *Milam* v. *Stubblefield*, 271 S. W. Rep. 410.) The trustee can acquire no right of action from the bankrupt other than rights of action, which the bankrupt possessed, " arising upon contracts, or from the unlawful taking or detention of, or injury to, his property," and a complaint brought to enforce such cause of action must allege all its essential elements. That is not the case here.

The complaint, as we have said, does not even attempt to allege a cause of action arising from a conversion of the corporate money. The corporation may have suffered loss through act of its officers in causing the corporation to pay out its moneys for their benefit, but if the corporation paid out its own money, even though by wrongful inducement of the officers, the defendant obtained title to the moneys so paid and did not convert the corporate money, and is not wrongfully detaining it. How the officers " caused " the corporation to transfer its property does not appear. Perhaps the corporation might have a right of action to avoid the transfer. It has not chosen to bring such action, and we cannot pass upon the question whether a cause of action in equity to avoid a corporate transfer for fraud or overreaching by its own officers would pass to the trustee when no such cause of

action is alleged. The answer to that question might depend upon the status of the transaction at the time of the bankruptcy, and upon the means adopted to " cause " the corporation to pay out its moneys. The fact is that the trustees have brought an action for money had and received to the use of the corporation upon allegations which show that the money was paid by the corporation for the purpose of transferring its moneys to the defendant for his own use. No such action lies. We may construe the allegations of a complaint liberally and at times disregard the form of relief sought, if the essential elements of right to relief exist. We cannot create a cause of action which is not alleged. The complaint herein fails to allege a cause of action against the defendant arising upon any contract, express or implied, made with the corporation, or any " unlawful taking or detention of, or injury to " the property of the bankrupt by the defendant. It fails to allege a cause of action to avoid a transfer which a " creditor * * * might have avoided." Therefore, the complaint was properly dismissed.

The judgment of the Appellate Division should be affirmed, with costs.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgment affirmed.