3P-733, LLC v Davis (2020 NY Slip Op 06043)





3P-733, LLC v Davis


2020 NY Slip Op 06043


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Kapnick, J.P., Webber, González, Shulman, JJ. 


Index No. 650800/18 Appeal No. 12186 Case No. 2019-4109 

[*1]3P-733, LLC et al., Plaintiffs-Appellants,
v
Tawan Davis et al., Defendants-Respondents.


Law office of Eric J. Warner, LLC, New York (Eric J. Warner of counsel), for appellants.
The Law Office of Russell D. Morris, New York (Russel D. Morris of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered April 8, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the fraud, defamation, and conversion claims in the second amended complaint (SAC) pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to deny defendants' motion to dismiss the defamation claim, and otherwise affirmed, without costs.
The court correctly dismissed the fraud claim as duplicative of part of the contract claim (see e.g. Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]). Contrary to plaintiffs' contention on appeal that the contract claim relates solely to the written operating agreement for nonparty Carbyne Property Group, LLC (CPG), they argued before the motion court that the contract claim also encompassed an oral agreement between plaintiff 3P-733, LLC (3P) — acting through its managing member, plaintiff Piyush Bhardwaj — and defendant CPG Invest, LLC (CPG Invest) — acting through its ultimate managing member, defendant Tawan Davis — that the CPG Operating Agreement would be "transposed over to" The Steinbridge Group, the name under which CPG would allegedly later operate. Plaintiffs' fraud claim, likewise, is that Davis — both individually and through CPG Invest — misrepresented to Bhardwaj — both individually and through 3P — that the CPG Operating Agreement was being transposed into an operating agreement for Steinbridge. Moreover, the relief sought under both causes of action — at least as pleaded in the SAC — is identical.
It is true that "a corporate officer may be held personally liable for committing fraud on the corporation's behalf" (First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1st Dept 1999]). However, we have cautioned that an insincere promise to perform a contractual obligation may not be used to expand potential liability for "conduct essentially constituting a breach of contract to persons and entities not in contractual privity with the plaintiff" (Cronos, 156 AD3d at 67-68). Davis — the main target of the fraud claim — is not in contractual privity with 3P.
Given our affirmance of the dismissal of the entire fraud claim, plaintiffs' argument that they did not waive this claim as against CPG Invest is academic.
Defamation is "the making of a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of [plaintiff] in the minds of right-thinking persons, and to deprive [plaintiff] of their friendly intercourse in society" (Foster v Churchill, 87 NY2d 744, 751 [1996][internal quotation marks omitted]). "To prove a claim for defamation, a plaintiff must show: (1) a false statement that is (2) published to a third party (3) without privilege or authorization, and that (4) causes harm, unless the statement is one of the types of publications actionable regardless of harm" (Stepanov v Dow Jones & Co., Inc., 120 AD3d 28, 34 [1st Dept 2014], citing Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999] ). "[T]he application of privileged status to communication made by attorneys during the course of litigation is also relevant to pre-litigation communication" (Front, Inc. v Khalil, 24 NY3d 713, 719, [2015] [finding that "[w]hen litigation is anticipated, attorneys and parties should be free to communicate in order to reduce or avoid the need to actually commence litigation"]). However, "releasing such a letter or its contents to unrelated third parties could affect the availability of the privilege" (Frechtman v Gutterman, 115 AD3d 102, 107 [1st Dept 2014]).
Here, the August 22, 2017 letter sent by CPG Invest's lawyer to 3P containing specific allegations of misappropriation of CPG's funds by Bhardwaj and 3P, and expelling 3P from the joint venture based on such conduct, was allegedly provided by Davis to an unrelated third party investment company in Colorado, who subsequently canceled a large prospective real estate deal with Bhardwaj. Although the August letter, when initially sent to Bhardwaj and 3P was covered by the litigation privilege, the release of the letter to a third party, entirely unrelated to that litigation, negated the privilege.
"On a motion to dismiss a defamation claim, the court must decide whether the statements, considered in the context of the entire publication, are 'reasonably susceptible of a defamatory connotation,' such that the issue is worthy of submission to a jury" (Stepanov v Dow Jones & Co., 120 AD3d at 34). At this stage, plaintiffs have sufficiently alleged a cause of action for defamation and that claim should be reinstated, but only to the extent that it relies upon allegations surrounding the publication of the August 2017 letter to an unrelated third party.
"Conversion is the unauthorized assumption and exercise of the right of ownership over another's property to the exclusion of the owner's rights" (Lemle v Lemle, 92 AD3d 494, 497 [1st Dept 2012]). Contrary to defendants' contention that money cannot be converted, "[t]he funds of a specific, named bank account are sufficiently identifiable" to be the subject of a conversion claim (Republic of Haiti v Duvalier, 211 AD2d 379, 384 [1st Dept 1995]). Indeed, a cause of action for conversion may be stated by allegations of a corporate officer's misappropriation of corporate funds (Quintal v Kellner, 264 NY 32, 35 [1934]). However, it is "the corporation [that] may maintain an action against [the officer] and against any person who participates in the conversion and accepts its fruits" (id. [emphasis added]). Alternatively, "[a] stockholder, injured by refusal or failure of the corporate officers or directors to bring an action for the protection of the corporation, may bring such action in equity in its behalf" (id.). Here, improper plaintiffs have brought the claim for conversion. Moreover, although the SAC contains a few scattered allegations that might support a conversion claim, plaintiffs do not rely on them in their actual cause of action for conversion in the SAC and did not rely on them at oral argument before the motion court or in their appellate briefs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020