PET, Incorporated, Respondent, v Abraham S. Lustig, Jr., Appellant.

Fourth Department, December 12, 1980

APPEARANCES OF COUNSEL

*Laverne, Sortino, Hanks & Lustig (Douglas J. Lustig* of counsel), for appellant.

*Harter, Secrest & Emery (Eric A. Evans* of counsel), for respondent.

**OPINION OF THE COURT**

Witmer, J.

Respondent Abraham S. Lustig, Jr. appeals from a judgment granted against him in a special proceeding instituted by petitioner pursuant to CPLR 5227 as a judgment

creditor of Nifty Food Corporation (Nifty), to whom respondent allegedly is indebted, to require respondent to pay to petitioner the sum of $3,585.60 of his indebtedness to Nifty. An unusual application of an elementary principle is presented on this appeal, to wit, whether a principal officer and stockholder of a close corporation, who borrowed money from the corporation more than six years ago and has not repaid it, may, as against a creditor of the corporation seeking to reach such indebtedness, interpose the defense that the Statute of Limitations has run against the corporation's claim for repayment of the debt. We hold that he cannot.

In a Federal court action petitioner obtained a judgment against Nifty for the sum of $3,585.60 and filed a transcript thereof in the Monroe County Clerk's office. In a pretrial procedure in that action in May, 1978 petitioner examined respondent before trial, respondent being the chief executive officer of Nifty. On that examination respondent acknowledged that in 1969, without prior approval by the board of directors of Nifty, he withdrew from the corporation $11,-115.02 as a loan to himself, without interest, without giving a promissory note or other writing evidencing the loan, and without giving security therefor. No time for repayment was specified and he did not directly repay the loan.

In this proceeding begun in late 1978 to compel respondent to pay to petitioner $3,585.60 of his indebtedness to Nifty, respondent set forth the defense of the Statute of Limitations and that he had repaid the loan by cash advances in behalf of Nifty and by services which he rendered for the benefit of Nifty. By implication Special Term ruled that respondent's acknowledgment on the examination before trial in May, 1978 that he had borrowed and had not repaid the sum of $11,115.02 from Nifty revived the debt, and the court gave respondent an opportunity to show the payments which he had made in behalf of Nifty and the services which he had rendered for the benefit of Nifty since May, 1978 for which he should be credited. Respondent set forth a total of $2,283.62 of cash payments which he claims that he paid for Nifty since May, 1978, and Special Term, without deciding the merits thereof, accepted such claims as a proper credit against respondent's indebtedness to Nifty.

Respondent also set forth a number of services which he stated that he had rendered for the benefit of Nifty, but most of them antedated May, 1978. Special Term concluded, and we agree, that in no event could the few hours of services which respondent rendered for Nifty after May, 1978 reduce his indebtedness to Nifty below the sum of $3,585.60 and so it granted judgment to petitioner on the petition.

■ Respondent contends that his acknowledgment on the examination before trial in petitioner's action against Nifty that he had borrowed $11,115.02 from Nifty and had not repaid it was not an implied promise to revive the outlawed debt and to pay it. We agree *(Morris Demolition Co. v Board of Educ.*, 40 NY2d 516; *Bloodgood v Bruen*, 8 NY 362, 368). In his defense herein, however, respondent states that within the past six years he has made cash advances in behalf of Nifty as payments on his indebtedness to it. Such payments and acknowledgment revived his obligation to pay the debt (see General Obligations Law, § 17-101; *Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, *supra*, and cases cited at p 521).

■ More devastating, however, to respondent's defense of the Statute of Limitations is the fact that in his dual capacity as chief executive officer and stockholder of Nifty and as respondent herein he asserts that the Statute of Limitations has run against Nifty's claim against him for repayment of his indebtedness to Nifty. He stood in a fiduciary capacity in behalf of the corporation (Business Corporation Law, §§ 714, 719, subd [a]; *Superintendent of Ins. v Bankers Life & Cas. Co.*, 404 US 6, 12; *Pepper v Litton*, 308 US 295, 306-307; *Equity Corp. v Groves*, 294 NY 8, 12; *Pink v Title Guar. & Trust Co.*, 274 NY 167, 174). As its chief executive officer it was his duty to press the corporation's claim against himself and not permit the Statute of Limitations to run against it.

A court of equity will not permit the Statute of Limitations to run where the one claiming the benefit of the statute is the one charged in law with the duty of asserting and enforcing the claim before the statute runs *(Brown v Brown*, 93 NYS2d 63, 75, mod on other grounds 275 App Div 1068, affd 302 NY 556; *Matter of Meyrowitz*, 114 NYS2d 541,

547, affd 284 App Div 801, lv to app den, 284 App Div 844). In such circumstances the Legislature has expressly recognized the power of the court to hold that it would be inequitable to permit one in respondent's position to interpose the defense of the Statute of Limitations (General Obligations Law, § 17-103, subd 4, par b), and upon the undisputed facts in this case we hold that respondent is estopped to interpose such defense *(General Stencils v Chiappa*, 18 NY2d 125). There is no way in which Nifty could equitably be charged with having permitted the Statute of Limitations to run upon its claim against respondent (see *Erbe v Lincoln Rochester Trust Co.*, 3 NY2d 321, and a companion case by the same name, 3 NY2d 842).

The judgment should, therefore, be affirmed.

CARDAMONE, J. P., SIMONS, SCHNEPP and DOERR, JJ., concur.

Judgment unanimously affirmed, with costs.