■ KINGS PREMIUM SERVICE CORP., Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant, et al., Defendant.—In an action to recover the proceeds of a check, defendant Manufacturers Hanover Trust Company appeals from so much of an order of the Supreme Court, Nassau County (Young, J.), dated December 5, 1983, as denied its cross motion for summary judgment dismissing the complaint as against it.

Order reversed, insofar as appealed from, on the law, without costs or disbursements, cross motion granted, complaint dismissed as against defendant Manufacturers Hanover Trust Company, and action against the remaining defendant severed.

Plaintiff Kings Premium Service Corp. is engaged in the business of financing payments of insurance premiums, acting through authorized brokers. Allegedly, plaintiff supplies these brokers with a number of presigned but otherwise blank checks, on the face of which is printed, at the top, the legend "THIS CHECK IS IN PAYMENT OF A FINANCED INSURANCE PREMIUM", and underneath the space for the amount, "THIS CHECK ONLY PAYABLE TO AUTOMOBILE INSURANCE PLAN OR AN INSURANCE COMPANY". The following is printed on the backs of these checks:

"THE PAYEE HEREBY AGREES TO THE TERMS OF THE PREMIUM INSTALLMENT CONTRACT AND THE APPOINTMENT OF KINGS PREMIUM SERVICE CORP. AS ATTORNEY-IN-FACT TO ACT FOR THE ASSURED'S LISTED ON THE VOUCHER ATTACHED TO THIS CHECK.

"THE PREMIUM INSTALLMENT CONTRACT APPOINTS THIS COMPANY OR THE HOLDER THEREOF IRREVOCABLY ATTORNEY-IN-FACT TO ACT FOR THE ASSURED AS LONG AS ANY SUM REMAINS DUE TO KINGS PREMIUM SERVICE CORP. TO PAY THE PREMIUM BALANCE TO THE INSURANCE COMPANY OR ITS AGENT LISTED HEREIN; CANCEL AND SURRENDER THE POLICY; COLLECT ALL UNEARNED PREMIUMS OR THE AMOUNT OF ANY LOSS PAYABLE UNDER SAID POLICY, TO THE EXTENT NECESSARY TO EFFECT CANCELLATION AND COLLECT UNEARNED PREMIUMS; SIGN, EXECUTE AND DELIVER

ANY DOCUMENT, NOTICE, OR RECEIPT NECESSARY OR PROPER TO EFFECT ANY OF THE FOREGOING POWERS".

The checks are drawn on plaintiff's account with the Detroit Bank and Trust Company, the drawee bank, which is not a party to the instant action.

It appears that in November 1981, one of these blank but signed checks was stolen, completed in the amount of $1,500 and indorsed in the name of the payee, one Regina Sarsfield. The check was presented to and cashed by defendant Subway Check Cashing Service, Inc. (Subway), a licensed check casher which has an account with defendant manufacturers Hanover Trust Company (Manufacturers). Subway then indorsed the check over to Manufacturers, which in turn collected the proceeds of the check from the drawee bank, Detroit Bank and Trust Company, and paid them to Subway. Detroit Bank and Trust Company then charged the amount of the check to plaintiff's account.

Thereafter, in or about July 1982, plaintiff drawer of the check commenced the instant action against Subway and Manufacturers, the depositary bank, but not the Detroit Bank and Trust Company, to recover the amount of the check, plus interest. Subway moved for summary judgment dismissing the action as to it, and defendant Manufacturers brought the instant cross motion seeking the same relief as to it. Manufacturers argued that it, the depositary and collecting bank, owed no duty to plaintiff, the drawer of the check, the breach of which could give rise to damages, and that plaintiff's only cause of action lay against its drawee, the Detroit Bank and Trust Company, with whom it was in privity.

Initially, both Subway's motion and defendant Manufacturers' cross motion were granted on the ground that they were unopposed. Plaintiff's default was thereafter vacated, however, and upon reargument, the motion and cross motion were denied, Special Term finding that both Subway and Manufacturers might be liable to plaintiff as the check in question was void on its face and thus neither defendant could claim to be a holder in due course.

We find, however, that under the circumstances of this case, plaintiff drawer has no cause of action against Manufacturers, the depositary bank; instead its claim is against the drawee bank, which improperly charged its account.

As a general rule, the "relation between a bank and its depositor is that of debtor and creditor, not of agent and principal. The money deposited becomes part of the bank's

general funds, and it impliedly contracts to pay the depositor's checks * * * to the amount of his credit, but in discharging its implied obligation it pays its own money as a debtor, not its depositor's money as an agent" *(General Fire Assur. Co. v State Bank,* 177 App Div 745, 750; *see . also, Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 670; *Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank,* 57 NY2d 439, 444; *Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459). Consequently, in those cases where the drawee bank charges its customer's account without authorization, as occurs when an indorsement is forged or otherwise ineffective to negotiate the instrument, the moneys paid to the depositary bank are deemed to have come from the drawee bank's own funds, and are the property of the drawee bank and not the drawer. No cause of action lies in favor of the drawer against the depositary bank in such a situation, as the depositary bank has not dealt with any valuable property of the drawer *(see, e.g. Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 464-465, *supra; Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 670, *supra).* In *Spielman v Manufacturers Hanover Trust Co.* (60 NY2d 221, 224), the Court of Appeals found that a depositary bank was not liable to the drawer of the check for having paid on a forged indorsement, stating: "In *Underpinning [& Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459] we acknowledged the general rule that the drawer of a check paid by a depositary over a forged indorsement normally has no cause of action against the depositary for the obvious reason that either the forgery is effective to transfer the instrument, as it is here, or if it is not, the depositary has received nothing of the drawer for which the drawer may recover. In both instances, the drawer's action is against the drawee [which] has honored the check and debited the drawer's account" *(Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, *supra; see also, Titan Air Conditioning Corp. v Chase Manhattan Bank,* 61 AD2d 764).

In *Underpinning & Found. Constructors v Chase Manhattan Bank,* (46 NY2d 459, *supra),* a forged indorsement case, an exception was admitted and it was held that a drawer may have a cause of action against a depositary bank which accepts and pays on a check in violation of a restrictive indorsement, at least in those situations where the indorsement, although forged, is nonetheless effective under UCC 3-405 to authorize the drawee bank to charge the drawer's account *(see also,* UCC 3-419 [3]). It was recognized in *Under-*

*pinning* that such a cause of action by the drawer directly against the depositary bank would exist only in the "comparatively rare instances" where the depositary bank acted wrongly in accepting the check, and the drawee bank acted properly in charging the customer's account *(see, Underpinning & Found. Constructors v Chase Manhattan Bank, supra,* at pp 462, 465-466).

The instant case, however, concerns not a forged indorsement which was nonetheless effective, but an instrument which had been materially altered, having been completed without authorization *(see,* UCC 3-115 [2]; 3-407). The fraudulent completion of the blank check discharged the plaintiff drawer of liability thereon *(see,* UCC 3-407; *Gazza v United Cal. Bank Intl.,* 88 AD2d 968), and the check in question here in no way authorized the drawee bank to charge plaintiff's account, particularly as the drawee was given notice of the unauthorized completion by the face of the check, which was not made payable to an automobile insurance plan *(see,* UCC 3-407, 4-401; *Underpinning & Found. Constructors v Chase Manhattan Bank, supra,* at p 466). Therefore, this is not one of the rare instances contemplated by the court in *Underpinning* in which direct suit against the depositary bank would be permissible, as here the drawee bank did not act properly in accepting the check and charging its customer's account. In paying on this check, the drawee bank did so from its own funds, not those of the drawer, and Manufacturers, the depositary bank, received nothing of the plaintiff's for which plaintiff could sue. As no cause of action exists on behalf of plaintiff as against Manufacturers, summary judgment should have been granted as against it. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.