BANCO DE DESARROLLO
AGROPECUARIO, S.A.,
Plaintiff,

v.

Robert V. GIBBS, the First Venezuela Company, Ltd., the Bank of International Credit Ltd., Devinco of Florida, Inc. and International Capital & Development Corp., Defendants.

The BANK OF INTERNATIONAL CREDIT LTD. (in compulsory liquidation) by its Joint Official Liquidators, Sydney Morris and Graham C. Garner, Plaintiff on Cross–Claim, and Third Party Claims,

v.

Robert V. GIBBS, Devinco of Florida Inc., and International Capital & Development Corporation, Cross–Defendants,

and

Christine Gibbs, Peter Newman, J.J. Boland, Gennaro D'Amore, Seagate Development Corp., Seagate Land Development Corp., International Consolidated Industries, Inc., ICD Financial & Computer Service, Inc., and 240 Venture Associates, Inc., Additional Defendants on Cross–Claims and Third Party Defendants.

No. 86 CIV. 8547(PKL).

United States District Court,
S.D. New York.

April 6, 1989.

Davis, Markel & Edwards, New York City (George F. Hritz, William F. Haigner, of counsel), Sheldon Evans, P.A., Miami, Fla., for plaintiff.

Kronish, Lieb, Weiner & Hellman, New York City (Brian S. Gallagher, Deborah Fanning, of counsel), for plaintiff on cross-claims and third party claims.

Steele, Hector & Davis, Miami, Fla. (Gerald J. Houlihan, Cheryl A. Bell, of counsel) Stern, Fixler & Weinger, New York City

(Joel S. Stern, of counsel), for defendants and cross-defendants.

## OPINION AND ORDER

LEISURE, District Judge:

Cross defendants, Devinco of Florida, Inc. ("Devinco") and International Capital & Development Corporation ("ICD"), and third party defendants, Christine Gibbs ("C. Gibbs"), Peter Newman ("Newman"), Seagate Development Corp. ("Seagate"), Seagate Land Development Corp. ("Seagate Land"), International Consolidated Industries, Inc. ("ICI"), ICD Financial & Computer Service, Inc. ("ICD Financial") and 240 Venture Associates, Inc. ("240 Venture") (hereinafter collectively referred to as "Defendants")[1], move pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss the cross-claims and third party claims (collectively the "Cross–Claims") asserted against each of them. For the following reasons the motion is denied.

## BACKGROUND

This case involves the transactions among several interrelated corporations. A brief summary of the facts is sufficient for the purposes of this motion. For a more complete background, *see Banco De Desarrollo Agropecuario v. Gibbs*, 640 F.Supp. 1168 (S.D.Fla.1986).[2]

The Bank of International Credit Ltd. ("BICL") is a Bahamian bank currently in liquidation pursuant to the Bahamas Companies Act.[3] BICL, along with Robert V. Gibbs ("R. Gibbs"), TFV, Devinco and ICD, is a defendant, in principal action, by its major depositor, Banco De Desarrollo Agropecuario, S.A. ("Bandagro") before this Court. The Cross–Claims at issue in this motion were brought by the liquidators of BICL (the "Liquidators") who allege that due to the looting of BICL by Defendants BICL is unable to repay Bandagro or any other depositor. Cross–Claims ¶¶ 29–40, 58–60.

BICL is a part of what can only be described as a corporate maze. BICL is a wholly owned subsidiary of TFV. TFV, in turn, is controlled by ICI. ICI also controls ICD (collectively the "ICD/TFV Complex"). The remaining corporate third party defendants, Seagate, Seagate Land, ICD Financial, and 240 Venture (collectively the "Transferee Corporations") are wholly owned subsidiaries of the ICD/TFV Complex. R. Gibbs is alleged to be the "mastermind" behind the ICD/TFV Complex, owning or controlling, either personally or through ICI, the majority of stock in all the corporations. *See* Memorandum Opposing Motion to Dismiss the Cross–Claims ("Memorandum in Opposition"), p. 4.

On September 2, 1983, Alfredo Beracasa ("Beracasa"), Luis Henriquez ("Henriquez") and Jose Loperenia ("Loperenia"), sued R. Gibbs, C. Gibbs, ICD, Gerald Klein ("Klein") and various corporations and partnerships located in the State of Maryland (the "Maryland Entities"). The action was brought on behalf of BICL, TFV and the three individual plaintiffs. *See Beracasa et al. v. Robert Gibbs et al.*, 83 Civ. 6559 (S.D.N.Y.) (CES). The complaint in that action charged R. Gibbs, C. Gibbs and ICD with looting BICL and TFV in order to place funds in ICD, and with Klein, in the

---

**1.** Cross defendant Robert V. Gibbs and third party defendants Gennaro D'Amore and J.J. Boland are not involved in this motion. Any references to the specific defendants charged by a particular count of the Cross–Claims will therefore not include these defendants, although the actual count may charge any or all of these defendants.

**2.** In this opinion, James Lawrence King, Chief Judge of the District Court for the Southern District of Florida, dismissed the Complaint. Judge King then granted plaintiff's motion to transfer this action to the Southern District of New York.

**3.** BICL's Bahamian liquidation proceedings are entitled to comity in the courts of the United States. *See, e.g., In re Culmer*, 25 B.R. 621, 629–631 (Bankr. S.D.N.Y.1982). No issues concerning the actual bankruptcy proceedings have been raised in this action and the parties appear to agree that the Court need not apply Bahamian law. *See* Fed.R.Civ.P. 44.1. The parties appear to agree that any issues arising in this action are tangential to the bankruptcy proceeding and therefore to be decided by applying the choice of law rules for diversity actions. *See, supra* footnote 3.

Maryland entities. Cross–Claims ¶¶ 47–48. On November 21, 1983, a stipulation was filed discontinuing the action with prejudice and sealing the record (the "Beracasa Settlement Agreement"). Cross–Claims ¶¶ 47–50. The stipulation stated that the proposed settlement was "fair, reasonable, and in the best interest of TFV and its subsidiaries," including the plaintiff BICL. Cross–Claims ¶ 51(i).

BICL's Liquidators now dispute that the settlement was fair and reasonable to BICL. The Liquidators claim that all of the consideration paid to BICL under the Beracasa Settlement Agreement actually went to Beracasa, Henriquez and Loperenia; none of the money was received by BICL. Cross–Claims ¶¶ 51–52. The Liquidators further allege that the agreement enabled R. Gibbs to maintain his complete control over the ICD/TFV Complex by causing all the stock in the ICD/TFV Complex to be contributed to the newly formed ICI, of which R. Gibbs was a controlling shareholder. Cross–Claims ¶¶ 51(g), 51(h), 52(c), 52(h). The Liquidators also allege that the withdrawal of the suit allowed Defendants to continue the looting of BICL's assets. Cross–Claims ¶ 52(h).

Defendants bring this motion claiming the Liquidators do not have the proper standing to bring this action. Defendants further allege that the Cross–Claims fail to state claims on which relief may be granted. Moreover, Defendants claim that the Cross–Claims are barred by the various statutes of limitations.

## DISCUSSION

### I. *Standing*

■■■ As a threshold matter, the Court must determine whether the Liquidators of BICL have the proper standing to bring this action. Generally, a receiver stands in the shoes of a corporation and can assert

only those claims which the corporation itself could have asserted. *Lank v. New York Stock Exchange,* 548 F.2d 61, 67 (2d Cir.1977).[4] A bankrupt corporation does not have a cause of action against its officers and fiduciaries for unauthorized acts such as conversion, self-dealing or waste when the shareholders of the corporation have unanimously consented to those acts. *McDonnell v. American Leduc Petroleums, Ltd.,* 456 F.2d 1170, 1177 (2d Cir. 1972); *cf. Field v. Lew,* 184 F.Supp. 23, 27 (E.D.N.Y.1960). However, even unanimous shareholder ratification of corporate looting cannot bar the corporate liquidator from suing the corporate control persons for that looting where the interests of the corporation's creditors have been injured or there has been public harm. *See, e.g., Continental Securities Co. v. Belmont,* 206 N.Y. 7, 17–18, 99 N.E. 138 (1912); *Ward v. City Trust Co.,* 192 N.Y. 61, 74–75, 84 N.E. 585 (1908); *Capitol Wine & Spirit Corp. v. Pokrass,* 277 A.D. 184, 98 N.Y.S.2d 291, 295 (2d Dep't 1950), *aff'd,* 302 N.Y. 734, 98 N.E.2d 704 (1951). A liquidator may sue for the "protection of the entire community of interests in the corporation—creditors as well as stockholders." *Pepper v. Litton,* 308 U.S. 295, 307, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939). *See also Superintendent of Insurance v. Bankers Life and Casualty Co.,* 404 U.S. 6, 12–14, 92 S.Ct. 165, 168–170, 30 L.Ed.2d 128 (1971); *In re O.P. M. Leasing Services Inc.,* 28 B.R. 740, 759–60 (S.D.N.Y.1983). "Creditors, of course, are not prejudiced by the corporation's acts of ratification." *Field v. Lew, supra,* 184 F.Supp. at 27. BICL alleges that the Liquidators, representing the creditors as well as the shareholders, may assert certain claims that the corporation itself may not assert. *Lank v. New York Stock Exchange, supra,* 548 F.2d at 67; *Dirks v. Clayton Brokerage Co. of St. Louis, Inc.,* 105 F.R.D. 125, 135 (D.Minn.1985).

---

**4.** In a diversity action, a federal district court applies the substantive law of the state in which it sits. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Without discussion, the parties appear to agree, and the Court therefore assumes, that New York law is applicable to the substantive issues raised in this

motion. *See Gelb v. Royal Globe Insurance Co.,* 798 F.2d 38, 44 n. 5 (2d Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987); *cf. Ostano Commerzanstalt v. Telewide Systems, Inc.,* 794 F.2d 763, 765 n. 1 (2d Cir. 1986).

■ BICL does not dispute that the actions complained of were ratified by all shareholders. *See, e.g.,* Cross–Claims at ¶¶ 21, 25, 28 & 45. However, BICL's Liquidators are empowered and required, by the liquidation provisions of the Bahamas Companies Act, to take control of, and reduce to cash, all of BICL's assets, claims and property for distribution to BICL's creditors. Cross–Claims ¶ 4. In this action, the Liquidators are attempting to recover the money allegedly improperly taken and used by Defendants in order to distribute the resulting funds to all of BICL's creditors, after deducting the expenses of administration. *Id.* The Cross–Claims concern the rights of creditors; therefore, the Liquidators have standing to bring this action, ratification of the acts not withstanding.[5]

## II. *Sufficiency of Allegations in Cross–Claims*

Defendants allege that each count contains insufficient allegations to state a claim for relief and move to dismiss the Cross–Claims pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12 must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (*citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)); *Morales v. New York State Department of Corrections,* 842 F.2d 27, 30 (2d Cir.1988). The Court must accept the pleader's allegations of facts as true together with such reasonable inferences as may be drawn in its favor. *Murray v. City of Milford, Con-*

*necticut,* 380 F.2d 468, 470 (2d Cir.1967). *See also Scheuer, supra* 416 U.S. at 236, 94 S.Ct. at 1686. Rule 8 requires only a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ. P. 8(a)(2); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (*cited in Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). With this standard in mind, each count of the Cross–Claims will be examined in turn.

Count One alleges that C. Gibbs, Newman, ICI, and ICD have breached their fiduciary duty to BICL. The elements of such a claim are: (1) a breach by a fiduciary of an obligation to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damages as a result of the breach. *S. & K. Sales Co. v. Nike, Inc.,* 816 F.2d 843, 847 (2d Cir.1987) (*citing Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1115 (2d Cir.1986)).

■ Control persons owe exacting fiduciary duties to the controlled corporation. *See, e.g., Pepper v. Litton, supra,* 308 U.S. at 305–07, 60 S.Ct. at 244–46; *Garner v. Pearson,* 545 F.Supp. 549 at 557–62. Control persons are not limited to officers and directors of the corporation but, rather, are those persons who exercise *de facto* control of the corporation during the relevant times. *Garner v. Pearson,* 545 F.Supp. 549, 557 (M.D.Fla.1983), *aff'd,* 732 F.2d 850 (11th Cir.1984). BICL alleges that ICD, as financial advisor to BICL and the controller of BICL's finances, accounts, records, and

---

**5.** Defendants state that a liquidator may only assert an action on behalf of creditors if some type of fraudulent conveyance of corporate assets is alleged; a claim not made by BICL. However, the cases cited by Defendants do not support this theory.

While a trustee is allowed to set aside transactions fraudulent as against creditors, *Field v. Lew, supra,* 184 F.Supp. at 26 (*citing* Section 70, subs. a(4) of the Bankruptcy Act, 11 U.S.C.A. § 110), the trustee also has the power under subdivision (e) of the same section to "avoid any transfer ... which any creditor of the bankrupt might have avoided." *Id.* This section consti-

tutes an enlargement of the powers of the trustee, not a restriction. *Quintal v. Kellner,* 264 N.Y. 32, 189 N.E. 770 (1934). Since the Federal and New York state laws are essentially equivalent on this issue, *Field, supra,* 184 F.Supp. at 26, a trustee under New York law has the power to bring an action, on behalf of the creditors, even if the action is not based on fraud. *See, e.g., Ward v. City Trust Co.,* 192 N.Y. 61, 73–74, 84 N.E. 585 (1908) ("corporation, even with the consent of all its stockholders, cannot give away its property, provided there is not enough left to pay its debts."); *Quintal v. Kellner, supra,* 264 N.Y. at 36, 189 N.E. 770.

reports, Cross–Claims ¶ 28, and Newman, as a consultant to BICL who assisted ICD and R. Gibbs in running BICL, Cross–Claims ¶ 35, controlled BICL. Cross–Claims ¶¶ 26, 28, 33–37, 52. These allegations of control of BICL by ICD and Newman are sufficient to support BICL's claim that ICD and Newman were control persons of BICL, who therefore owed BICL exacting fiduciary duties. *See, e.g., Pepper v. Litton, supra.*

▆▆▆▆▆ BICL also alleges that C. Gibbs, as beneficiary of the Beracasa Settlement Agreement, and ICI, as owner of the BICL stock, knowingly participated in the self dealing and breaches of fiduciary duty by R. Gibbs and BICL's other direct control persons. Cross–Claims ¶¶ 38, 40–45, 56–60. One who knowingly participates in another's breach of fiduciary duty is jointly and severally liable for all damages caused by the breach. *See, e.g., S & K Sales Co. v. Nike, Inc., supra,* 816 F.2d at 848; *Whitney v. Citibank N.A.,* 782 F.2d 1106, 1115 (2d Cir.1986). These allegations of knowing participation are sufficient to put Defendants on notice as to BICL's claims. *See, e.g., Conley v. Gibson, supra,* 355 U.S. at 47, 78 S.Ct. at 102. The Cross–Claims adequately allege, for purposes of this motion, fiduciary breach by BICL's control persons, ICD and Newman, as well as knowing participation by their co-conspirators, C. Gibbs and ICI, and resulting damages to BICL.[6]

▆▆▆▆▆ Count Two pleads a cause of action for constructive trust against Defendants. To be entitled to a constructive trust under New York law, a party must allege and establish: (1) a confidential or fiduciary relationship; (2) an express or implied promise; (3) a transfer made in reliance on that promise; and (4) unjust enrichment. *Brand v. Brand,* 811 F.2d 74, 77 (2d Cir.1987); *Bankers Sec. Life Ins. Soc. v. Shakerdge,* 49 N.Y.2d 939, 940, 428 N.Y.S.2d 623, 624, 406 N.E.2d 440, 441 (1980). An officer, control person or related entity who uses corporate assets in his own name holds those assets in trust for the corporation. *See, e.g., In re Lela & Co., Inc.,* 551 F.2d 399, 406 (D.C.Cir.1977); *Borden v. Sinskey,* 530 F.2d 478, 498 (3d Cir.1976). As discussed previously, the Liquidators have sufficiently alleged that Defendants owed fiduciary duties to BICL. *See* Cross–Claims ¶¶ 34–38, 40–45. As such they were subject to a promise, implied in law, to act in good faith and in the best interests of BICL in discharging their obligations. *See, e.g., Garner v. Pearson,* 545 F.Supp. 549, 557–558 (M.D.Fla.1983). As the funds are alleged to have been transferred as insider loans, Cross–Claims ¶ 32, Defendants must be deemed, for purposes of this motion, to have expressly promised to repay these loans. The loans, according to the Liquidators, have not been repaid as of this date. Cross–Claims ¶ 51–52. Having adequately alleged the required factors, the claim for a constructive trust is therefore established.

▆▆▆▆▆ The Liquidator's third count is against C. Gibbs, Newman, ICD, and ICI for the conversion of $18,560,196 from BICL. A bank, like BICL, owns the money that it holds; the bank depositors are merely bank creditors, not the owners of the money on deposit. *Miller v. Wells Fargo Bank Int'l Corp,* 540 F.2d 548, 560 (2d Cir.1976); *Kings Premium Service Corp. v. Manufacturers Hanover Trust Co.,* 115 A.D.2d 707, 496 N.Y.S.2d 524, 526 (2d Dep't 1985). The Liquidators claim that these

---

**6.** It should be noted that, at this stage of the litigation, the Court does not find it necessary to determine whether a fiduciary or confidential relationship *actually* existed between BICL and Defendants.

The assessment of the existence or absence of such a [fiduciary] relationship invariably requires a series of factual findings and generally rests with the finder of fact, *i.e.,* the jury at trial. Judges, charged with making the determinations of law … may undertake this assessment only in those cases in which it is possible and proper to conclude that, as a matter of law, such a relationship does or does not exist. The very nature of the subject matter, however, reveals that such occasions will be scarce.

*United States v. Reed,* 601 F.Supp. 685, 705 (S.D. N.Y.), *rev'd on other grounds,* 773 F.2d 477 (2d Cir.1985). However, on the basis of the present record, this Court finds that BICL's allegations, if proven, are sufficient for a rational jury, acting reasonably, to find a fiduciary relation existed between BICL and Defendants.

defendants used their dominance of BICL to extract $18 million from BICL through artificial loans and advances and to cause other members of the TFV/ICD Complex to invest those funds for the personal benefit of the above named defendants. Cross–Claims ¶ 32. The Liquidators have sufficiently alleged that the named defendants took BICL's money for their own personal use in violation of their fiduciary duties, thus converting BICL's assets. Cross–Claims ¶¶ 39–42, 58–60, 67. *See, e.g., Abrams v. Allen*, 297 N.Y. 52, 55–6, 74 N.E.2d 305 (1947); *Quintal v. Kellner*, 264 N.Y. 32, 35, 189 N.E. 770 (1934); *Gottfried v. Gottfried*, 269 A.D. 413, 56 N.Y.S.2d 50, 56 (1st Dep't 1945).

The fourth and fifth counts are for an account stated. An account stated is "an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance." *Parker, Chapin, Flattau & Klimpl v. Daelen Corp.*, 59 A.D.2d 375, 399 N.Y.S.2d 222, 223 (1st Dep't 1977) (citations omitted). The Liquidators claim that there are two separate classes of "loan" accounts stated between BICL and Defendants. The first is BICL's 1983–1986 financial statements. The Liquidators allege that Defendants controlled the preparation and determined the content of all of BICL's financial statements. Cross–Claims ¶ 69. It is alleged that the statements consistently reported the amounts of insider loans due to BICL from the TFV/ICD Complex and that the statements are an express assent to the loan balances by Defendants. Cross–Claims ¶¶ 70–74. Second, the Liquidators claim that the Beracasa Settlement Agreement which shows a restated loan balance owed to BICL by the TFV/ICD Complex, is also an account stated to which Defendants assented. Cross–Claims ¶¶ 51, 52, 76–78.

Defendants deny any allegations that there was express assent to either the 1983–1986 financial statements or the restated loan balance of the Beracasa Settlement Agreement. Furthermore, Defendants state that the restated loan balance was settled as part of the Beracasa Settlement Agreement. Defendants further assert, without authority, that BICL's remedy, if any, would be to sue for breach of the settlement agreement, not an action for an underlying account stated. Memorandum in Support of Motion to Dismiss Cross–Claims and Alleged Third Party Claims ("Memorandum in Support"), p. 7.

While BICL could have chosen to sue for breach of the settlement agreement, the existence of that choice does not preclude BICL from determining that an action for an account stated, which, as discussed above is a proper claim, is the preferable alternative. Moreover, whether Defendants assented to either or both of these accounts is a question of fact. The Court makes no determination on the question of assent at this time but rather takes BICL's allegations as true for the purposes of this motion.

Moreover, because the Liquidators are including the various subsidiaries and parent corporations of the TFV/ICD Complex, as well as persons who are not directors or officers of BICL, liability for an account stated is premised, in this motion, on the piercing of the corporate veil. See Memorandum in Opposition, p. 13. The parties agree that in order for Defendants to be liable for an account stated, they "must exercise complete dominion ... so that [BICL] had at the time no separate will of its own, and such domination must have been used to commit fraud or wrong." *American Protein Crop. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir.) *cert. denied*, — U.S. ——, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988) (internal quotes omitted) (*citing Lowendahl v. Baltimore and Ohio R.R.*, 247 A.D. 144, 287 N.Y.S. 62, 65 (1st Dep't), *aff'd*, 272 N.Y. 360, 6 N.E.2d 56 (1936)).[7] BICL alleg-

---

**7.** There are two distinct elements to the above test, domination of the corporation and a wrong committed by the dominators. The Court recognizes that the Second Circuit has not determined definitively whether each of the two elements must be proven or if proof of only one of the above elements is sufficient to establish liability. *Compare Electronic Switching Industries, Inc. v. Faradyne Electronics Crop.*, 833 F.2d 418, 424 (2d Cir.1987) (factors are conjunctive); *Gor-*

es that Defendants dominated BICL and each of the other members of the TFV/ICD corporate complex. Cross–Claims ¶¶ 29–32, 52, 56–60, 74, 78. Defendants contend that no such domination has occurred. Memorandum in Support, p. 7.

 The issue of piercing the corporate veil is generally an issue of fact. *American Protein Corp. v. AB Volvo, supra,* 844 F.2d at 59. *See also Walter E. Heller & Co v. Video Innovations, Inc.,* 730 F.2d 50, 53 (2d Cir.1984); *Minpeco S.A. v. Hunt,* 686 F.Supp. 427, 433–34 (S.D.N.Y. 1988); *see generally Byrd v. Blue Ridge Rural Elec. Coop.,* 356 U.S. 525, 537, 78 S.Ct. 893, 900, 2 L.Ed.2d 953 (1958). As with the allegations of fiduciary responsibility, the Court determines that a reasonable jury could rationally find, on the basis of the record, that the corporate veil should be pierced. For purposes of this motion, the Court finds that the Liquidators have properly pleaded an account stated for both the BICL financial statements and the Beracasa Settlement Agreement.

Based on the allegations presented in the Cross–Claims, the Court is unable to find that the Liquidators have no possibility of proving facts that will support the Cross–Claims. For the reasons in the discussion above, the Court finds that all five counts have been adequately pleaded by BICL's Liquidators to withstand the motion to dismiss.

## III. *Statute of Limitations*

Having decided that the Cross–Claims state claims upon which relief can be granted, the Court must next determine whether the action is timely. The parties agree that the transfers at issue occurred during the period from September 26, 1980 to November 30, 1981. *See* BICL's Answer to Second Amended Complaint, ¶ 14 and Second Amended Complaint, ¶¶ 79, 80, 85, 86. BICL's Cross–Claims were served on April 7, 1988, six years and five months after the last transaction.

The parties agree as to the relevant statutes of limitations. Count One, a claim for breach of fiduciary duty that does not allege any fraudulent intent, is governed by the six year statute of limitations set forth in N.Y. C.P.L.R. ("CPLR") § 213(1). *See, e.g., Renz v. Beeman,* 589 F.2d 735, 749 (2d Cir.1978), *cert. denied,* 444 U.S. 834, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979). Count Two, an action for a constructive trust, is one for which no limitation is specifically prescribed by law and thus, it is governed by the six year statute of limitations set forth in CPLR § 213(1). *See, e.g., Dolmetta v. Uintah Nat. Corp.,* 712 F.2d 15, 18 (2d Cir.1983). Count Three, a claim for conversion, is governed by a three year statute of limitations as set forth in CPLR § 214. *See, e.g., Rodgers v. Roulette Records, Inc.,* 677 F.Supp. 731, 736 (S.D.N.Y.1988); *Sporn v. MCA Records, Inc.,* 58 N.Y.2d 482, 462 N.Y.S.2d 413, 448 N.E.2d 1324 (1983). Counts Four and Five, claims for an account stated, are contract actions governed by the six year limitations period set forth in CPLR § 213(2). *See, e.g., Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff,* 638 F.Supp. 714, 722 (S.D.N.Y.1986). Defendants state that BICL's action is time barred as all the transfers occurred more than six years before the suit was commenced. For the reasons discussed below, the Court finds that for purposes of this motion, the claims are timely.

"While a statute of limitations defense may be raised in a motion to dismiss ... such a motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

*rill v. Icelandair/Flugleidir,* 761 F.2d 847, 853 (2d Cir.1985) (factors are conjunctive) with *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 342 (2d Cir.1986) ( [A] must have used [B] to "perpetrate a fraud *or* so dominated and disregarded [B]'s form that the entity primarily transacted [A]'s personal business rather that its own corporate business."); *Kirno Hill Corp. v. Holt,* 618 F.2d 982, 985 (2d Cir.1980) (factors are disjunctive).

It is unnecessary, at this stage, for the Court to decide which of these approaches is applicable to the present action. The Liquidators have alleged both domination by Defendants and a wrong against BICL. By finding that the Cross–Claims have been sufficiently pleaded, the Court does not take a position as to whether both or only one of the above elements must be proven in order to establish ultimate liability.

**1310**

claim which would entitle him to relief." *Oritz v. Cornetta*, 867 F.2d 146 (2d Cir. 1989) (internal quotes omitted) (*quoting Abdul–Alim Amin v. Universal Life Insurance Co.*, 706 F.2d 638, 640 (5th Cir. 1983)); *Egelston v. State University College*, 535 F.2d 752, 754 (2d Cir.1976).

■ Where an action is brought by a trustee or liquidator on behalf of a corporation that has been looted by persons who completely dominated and controlled it, the statute of limitations is tolled as against the control persons until the appointment of the independent trustee or liquidator. *Armstrong v. McAlpin*, 699 F.2d 79, 87 (2d Cir.1983); *IIT, An International Investment Trust v. Cornfeld*, 619 F.2d 909, 929–30 (2d Cir.1980); *Michelsen v. Penney*, 135 F.2d 409, 415–16 (2d Cir.1943).

> Under the general rule, to which New York has apparently adhered, notwithstanding the provisions that the cause accrues only upon discovery of the facts, the prescriptive period ordinarily runs from the time alleged wrongs are committed. But the statute is tolled while the corporate plaintiff continues under the domination of the wrongdoers.

*Michelsen, supra* at 415 (citations omitted).

■ As discussed above, BICL has sufficiently alleged, for purposes of this motion, that Defendants exercised complete control over BICL. *See, e.g.,* Cross–Claims ¶¶ 30–37, 52, 54, 57. BICL alleges that there were no officers, directors or shareholders other than those who participated in the looting of BICL. *See* Memorandum in Opposition, p. 22. Defendants "certainly could not be expected to bring an action on [BICL's] behalf when such an action would simply focus attention on [Defendants'] own wrongdoing." *IIT v. Cornfeld, supra,* 619 F.2d at 930. BICL's allegations of control and wrongdoing are sufficient to withstand the present motion. Consequently, for the purposes of this motion, the statute of limitations was tolled until

the persons committing the wrongs no longer controlled BICL. This occurred upon the appointment of the Liquidators. The Liquidators were appointed on January 22, 1987. The Cross–Claims were asserted on April 7, 1988, approximately 14 months after their appointment. As noted above, the applicable statutes of limitations on the Cross–Claims are either 3 or 6 years. Therefore, taking BICL's allegations as true, this action, for purposes of this motion, was filed timely within all of the respective statutory time limits.

■ Moreover, equitable estoppel prevents a fiduciary from using the statute of limitations to prevent a claim of misconduct. "A court of equity will not permit the statute of limitations to run where the one claiming the benefit of the statute is the one charged in law with the duty of asserting and enforcing the claim before the statute runs." *Pet, Inc. v. Lustig,* 77 A.D.2d 455, 433 N.Y.S.2d 934, 935 (4th Dep't 1980) (citations omitted). The Liquidators allege that here, as in *Pet, supra,* Defendants dominated and controlled BICL during the period in which the statute expired. They also allege that the same law firm represented the cross defendants and BICL in the principal action until May of 1987. *See* Memorandum in Opposition, p. 24. Since neither Defendants nor their counsel ever raised any of BICL's claims against Defendants, they may not now take advantage of their own inaction. *General Stencils, Inc. v. Chiappa,* 18 N.Y.S.2d 125, 128, 272 N.Y.S.2d 337, 219 N.E.2d 169 (1966); *Erbe v. Lincoln Rochester Trust Co.,* 13 A.D.2d 211, 214 N.Y.S.2d 849, 852 (4th Dep't 1961), *appeal dismissed,* 11 N.Y.2d 754, 226 N.Y.S.2d 692, 181 N.E.2d 629 (1962). Whether Defendants dominated and controlled BICL to the extent necessary to provoke an estoppel claim is a question of fact. Until the issue of domination and control is more fully litigated, the statute of limitation must be deemed not to have expired.[8]

---

8. BICL further states that Defendants are estopped by their affirmative fraudulent conduct. BICL alleges that the Beracasa Settlement Agreement was a sham and a fraud, which was intended to and did operate to conceal the loot-

ing of BICL as well as to perpetuate Defendants' control of BICL and the TFV/ICD Complex. Cross Claims ¶¶ 53–55.

BICL has properly alleged that the Beracasa Settlement Agreement was fraudulent. The

■ As an alternative ground for denying Defendants' motion to dismiss on statute of limitations grounds, BICL alleges that the Beracasa Settlement Agreement revived the claims arising out the 1980 loans. Cross–Claims ¶¶ 50, 51. *See, e.g., United States v. Glens Falls Ins. Co.,* 546 F.Supp. 643, 645–46 (N.D.N.Y.1982); *Pet, Inc. v. Lustig, supra,* 433 N.Y.S.2d at 935. In order to extend the enforcement time beyond the statutory period, the acknowledgment must be in writing, must be unequivocal and must express an intention on the part of the debtor to pay. *Lew Morris Demolition Co. v. Board of Education,* 40 N.Y.2d 516, 518, 387 N.Y.S.2d 409, 411, 355 N.E.2d 369, 371 (1976). BICL's allegations are sufficient for a rational jury to find Defendants had such complete control that they may be deemed to have expressed an intention to pay the sums stipulated to in the Beracasa Settlement Agreement. For the purposes of this motion, the Court finds the allegations concerning control are sufficient. The Cross–Claims concerning the loan amounts in the Beracasa Settlement agreement are therefore timely.

## CONCLUSION

BICL's Liquidators have standing to bring this action. The Liquidators have adequately pleaded the various cross-claims and third party claims. Further, for purposes of this motion, the Court finds that the claims are filed timely. For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12 of the Federal Rules of Civil Procedure is denied.

SO ORDERED.

Court therefore finds, as it did above, that the statute of limitations does not bar this action